REESE *v.* HAKE

*(Nashville,* December Term, 1946.)

Opinion filed January 11, 1947.

Rehearing denied February 1, 1947.

424

G. E. White, of Lewisburg, for appellant.

Hammond Fowler, of Rockwood, and W. L. Moore, of Nashville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit by Gladys L. Reese, by next friend, Paul Reese, against W. O. Hake, Commissioner of the Department of Employment Security, to recover unemployment compensation.

The complainant was unsuccessful in her claim before the Board of Review in the Unemployment Compensation Division of the Department of Employment Security. By *certiorari* the complainant brought the cause to the Chancery court of Marshall County, where the action of the Board of Review was sustained . Following section 6901.6

(i), Williams' Tennessee Code, the appeal comes directly here.

The complainant quit her employment with the Marshall Stove Works at Lewisburg on July 4, 1944. She was seventeen years of age at that time and had worked in the plant for about eight months. At the time her employment was terminated she had a small child two years of age. In her testimony before the administrative tribunal complainant stated that she quit her work to care for her small child and to take a rest. In her original claim for compensation complainant stated that she quit her work because it was "too hot and dirty." The original claim was filed on January 10, 1945, and approved; and the complainant was paid unemployment benefits for seven weeks in the sum of $15 per week when the benefits were stopped due to the fact that she stated at that time she could not accept work if it were offered to her. There was no appeal by complainant from the decision stopping the unemployment benefits.

Later, on March 28, 1945, complainant filed an additional claim for benefits; and it is this claim that we are considering. This last-mentioned claim was disallowed by the chief deputy of the Unemployment Compensation Division on May 3, 1945, because he found that complainant was not able and available for work within the meaning of the statute. Complainant did not appeal from this decision of the chief deputy until July 13, 1945, giving as her reason for failure to seasonably appeal that she did not know she had the right to appeal. It seems that shortly after complainant filed this last claim she was referred to employment at a local pencil factory but failed to report or accept this employment. At the time of the filing of this second claim complainant was pregnant and her child was born on October 23 ,1945. Complainant

testified that she could not have accepted any work except very light work at the time this claim was filed due to the fact that she almost lost her first child from lifting, that she did not accept the job offered her because she was mad at the local manager of the United States Employment Service, and also that she saw no reason for accepting a job for three months.

■ ■ We think that there was abundant proof to sustain the findings of the administrative body and the chancellor; and these findings being concurred in, we are bound by them. *National Optical Stores* v. *Bryant,* 181 Tenn. 266, 181 S. W. (2d) 139; Williams' Code, sec. 10620.

■ The chancellor was not in error in setting aside the judgment *pro confesso* and allowing the defendant to file his answer.

It was held in *Buchanan* v. *McManus,* 22 Tenn. 449, that the action of the chancellor on matters entirely discretionary of facts is conclusive if supported by substantial evidence, and in determining the sufficiency of the evidence it must be considered in the light most favorable to the finding.''

In the case of *Donnelly Garment Co.* v. *Keitel,* 354 Mo. 1138, 1142, 193 S. W. (2d) 577, 579, the Supreme Court of Missouri stated the following to be the rule as to the finding of facts by a lower tribunal: ''The commission's finding of facts is conclusive if supported by substantial evidence, and in determining the sufficiency of the evidence it must be considered in the light most favorable to the finding.''

In *Welch* v. *Review Board of Indiana, etc.,* 115 Ind. App. 230, 235, 58 N. E. (2d) 363, 365, 366, the Appellate Court of Indiana said: ''There was, therefore, evidence to sustain the findings of the board on the matter of availability. This being a question of fact the decision of the

board thereon is conclusive and binding upon us though the evidence may be such that another result might have been reached.''

It is a definite requirement of the Unemployment Compensation Law, Williams' Code, sec. 6901.4 (c), that a claimant must be able to accept suitable employment if offered as a condition necessary to become eligible for unemployment compensation, and the burden of establishing a claimant's right to benefits under the Unemployment Compensation Law rests on claimant and a finding by an unemployment compensation commission that a claimant was not eligible for benefits on the ground that such claimant was not available need not be supported by affirmative, substantial evidence tending to show that she was not available for work, since the burden is on the claimant to make a *prima facie* case. *.Haynes* v. *Unemployment Compensation Commission,* 353 Mo. 540, 183 S. W. (2d) 77.

It results that all the assignments of error are overruled and the decree of the chancellor is affirmed.