Clinton *et al. v.* Hake *et al.*

Knox Porcelain Corporation *v.* Same.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

Rehearing denied January 16, 1948.

W. O. Lowe and Thomas W. Thomson, both of Knoxville, for Clinton.

Frantz, McConnell & Seymour and E. Bruce Foster, all of Knoxville (Arthur G. Seymour, of Knoxville, of counsel), for appellant Knox Porcelain Corporation.

W. L. Moore, of Nashville, and Hammond S. Fowler, of Rockwood, for W. O. Hake, et al.

Mr. Justice Burnett delivered the opinion of the Court.

The appellants, some 250 employees of Knox Porcelain Corporation, sought compensation benefits under the Unemployment Compensation Law, Chap. 1, Public Acts of Extra Session of 1936, as amended, now carried as Code secs. 6901.1 through 6901.24, while they were out of work on a strike due to a labor dispute. We will refer to the appellants as claimants, the appellee Hake, as commissioner, and appellee and appellant Knox Porcelain Corporation as company.

On July 1, 1946, the claimants went on a strike because their representative and the company could not agree on certain wage increases and certain contract provisions. This strike lasted until September 24, 1946, when it was settled. Within a few days and at subsequent times the various claimants filed claims for unemployment com-

pensation benefits under the Unemployment Compensation Law. Each claimant filed an individual claim on a form provided for the purpose. Among other things this form provides:

"I am available for work, able to work and will accept suitable work, I understand that to complete this claim it is necessary to report as directed and that the law provides a penalty for false statements to obtain benefits."

The Commissioner found that the claimants were entitled to receive unemployment compensation after a waiting period of four weeks. Some few claims were allowed without the waiting period. All claims though involve the same question and will be considered herein on the same basis. The Company appealed to the Board of Review, and that Tribunal found as a fact, that:

"These claimants were fully employed taking their turn in the picketing activity, that they were doing this voluntarily, but notwithstanding the fact that they were doing it, voluntarily they were doing it following a mutual agreement made each with the other for their own mutual gain and that they were not unemployed and available for work within the meaning of Section 4(c) of the Act during any part of the time from July 1, 1946 to September 24, 1946."

The claimants filed a petition in the Chancery Court of Knox County for *certiorari* under provisions of the Act, Code, sec. 6901.6. The Commissioner answered in due season, taking the position that the findings of the Board of Review were amply supported by the evidence in the record and were therefore binding on the Court, and that the claimants were not entitled to relief. The Company likewise filed a petition for *certiorari* alleging that Section 5 (d) (3) of the act was unconstitutional. After considering the argument of counsel and briefs the

Chancellor found "that the findings of fact of the Commissioner of Employment Security and the Board of Review and the legal conclusions of both, with respect to such findings of fact, are in all things correct and should be affirmed." This is the record we have before us on appeal.

Five assignments of error are made. All more or less are intertwined and we will treat them as a whole without taking each assignment up seriatim.

This Court speaking through Mr. Justice PREWITT in *Reese* v. *Hake,* 184 Tenn. 423, 199 S. W. (2d) 569, 570, said:

"It is a definite requirement of the Unemployment Compensation Law, Williams' Code, Section 6901.4 (c), that a claimant must be able to accept suitable employment if offered as a condition necessary to become eligible for unemployment compensation, *and the burden of establishing a claimant's right to benefits under the Unemployment Compensation Law rests on claimant and a finding by an unemployment compensation commission* that a claimant was not eligible for benefits on the ground that such claimant was not available need not be supported by affirmative, substantial evidence tending to show that she was not available for work, *since the burden is on the claimant to make a prima facie case. Haynes* v. *Unemployment Compensation Commission,* 353 Mo. 540, 183 S. W. (2d) 77." (Italics, those of the Court.)

In the case before us no claimant offered any proof in behalf of his or her claim. They contented themselves with the statement of availability hereinbefore quoted. This statement is addressed to the Tennessee Unemployment Compensation Division as a "Claim for Benefits." It is the first requisite step a claimant makes. On the basis of this claim, other requisites being present, the

Commissioner allows the claim. Presumptively the filing of this paper established the claim with the Commissioners. After this claim is filed the commissioner more or less enters a *pro-forma* allowance. Up to this point the allowance of the claim is to all intents and purposes an *ex parte* proceeding. When the Company enters the picture by an appeal it then becomes necessary for the claimant to support this formal claim by some proof in addition to the statements made in the claim when the Company offers proof of facts and circumstances that offset the weight given the statements made in the formal claim. We have heretofore held that the burden of proof rests upon the claimants. *Reese* v. *Hake, supra.* This being true the general rule applicable to ordinary court proceedings applies, i. e., the obligation of the claimants is to establish the truth of their claims by a preponderance of the evidence and that this obligation rests on them so long as they are asserting the affirmative of the issue involved.

The Company offered an abundance of evidence herein "that all of the claimants were actively participating in a labor dispute for the purpose of applying economic sanctions and pressure against the company." These claimants, in various groups and in various ways, were thus engaged for 24 hours a day during the strike.

The proof of these acts certainly constituted some proof that the claimants were thus so busily engaged that they "were fully employed" in this undertaking and were not available for work.

It is under this state of facts that we have a concurrence of the Board of Review and the Chancellor.

In *Ezell* v. *Hake*, 184 Tenn. 319, 198 S. W. (2d) 809, 811, this Court speaking on the subject, through Mr. Justice GAILOR said:

██ "The learned chancellor correctly held that the limit of his function on these questions was to determine whether there was any evidence before the Board of Review to justify its determination of them. He found that there was, and affirmed the Board. The pertinent provision of the Unemployment Compensation Law is: 'In any judicial proceeding under this section, the findings of the board of review as to the facts, *if there be any evidence to support the same, shall be conclusive,* and the jurisdiction of said court shall be confined to questions of law.' Williams' Code, sec. 6901.6(i).

"In this Court, since the concurrence of the chancellor with the Board of Review, we think these questions of fact have been conclusively determined against petitioner's contention. *National Optical Stores, Inc.,* v. *Bryant,* 181 Tenn. 266, 181 S. W. (2d) 139; *Dale* v. *Hartman,* 157 Tenn. 60, 6 S. W. (2d) 319; Code, sec. 10620."

Having reached the conclusion that claimants are not entitled to benefits, it will not be necessary to rule on Company's assignment as to the constitutional validity of Section 5 (d) (3) of the Act, Code, sec. 6901.5 (d) (3).

For the reasons herein set forth, the judgment below must be affirmed.

All concur.