Adams *et al. v.* American Lava Corporation *et al.*

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied January 17, 1949.

H. L. Bargar and Walter O'Millinuk, both of Chattanooga, for appellants.

Strang, Fletcher & Carriger, of Chattanooga, Howard C. Vaden, of Cookeville, and W. L. Moore, of Nashville, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a suit to recover unemployment compensation. It was filed by George Neal Adams, and 341 other complainants, as employees of American Lava Corporation, the said suit being against the above named defendant as employer and W. O. Hake, Commissioner of Unemployment Compensation.

The complainants filed claims for total unemployment compensation benefits in the Unemployment Office in Chattanooga, Tennessee. The Commissioner, W. O. Hake, approved all of the claims ''subject to a disqualification'' of four weeks, the disqualification to receive benefits being based upon Section 6901.5 (d) (3) of the Unemployment Compensation Act, which provides:

''However, that in no event shall any disqualification under this subsection extend or be applicable for a period of time in excess of four (4) weeks, with respect to any one (1) labor dispute.''

The defendant, American Lava Corporation, appealed to the Board of Review upon the ground that the claimants were ''out on a strike'' and were not eligible for benefits on that account. The Board of Review sustained the defendant's contention, in a rather exhaustive opinion, and disallowed each and every claim. Thereupon the claimants filed their petition in the Chancery Court in which *certiorari* was granted requiring that the cause be reviewed. The prayer of the petition was (5) ''That the court reverse the holding of the Board of Review and grant all the petitioners herein an award of unemployment compensation benefits in accordance with their legal rights.''

The defendants filed separate answers in which it was urged that "the action of the Board of Review was correct and should be sustained." The cause was heard by the chancellor upon the record as certified by the Board and a decree was entered dismissing the petition. The chancellor filed an opinion in which he fully concurred with the Board upon every issue of fact.

The complainants appealed and filed eleven (11) assignments of error. It is not necessary that we set them out separately and in detail in view of the frank admission on complainants' brief that "one question is largely determinative of the issues in this litigation: Is Unemployment Compensation Benefits payable to striking employees, after a disqualification period of four weeks, who have otherwise complied with the Unemployment Compensation Statutes under the facts in this case?"

The complainants' counsel argue certain determinative issues of fact as if the cause had never been heard by any other tribunal. The Board of Review found as a fact that the complainants were not eligible for compensation due to the fact that they were on strike *and not available for employment*. This finding was concurred in by the chancellor. It is now insisted on this appeal that there is no evidence to support such a finding.

The complainants are members of "Local 1523 of the International Brotherhood of Electrical Workers." There is no question but that the organization called a strike and placed picket lines around the entrances to the company's plant. Regardless of the number of employees on the picket line it was effective to keep all production workers out of the plant. The only dispute about the picket line is as to the number participating. There is evidence to show a daily picket line which con-

sisted of from two to eighty persons for each and every day the plant was closed. The evidence further shows that these pickets were massed in three lines and so effective as to close all entrances to the office employees, manager of the plant and others who desired admission. In order to render the strike more effective two tents were erected and were used by strikers who evidently were directing the activities of the union. The chancellor's opinion approved the finding of the Board, based upon the above facts.

The theory of the complainants is that there was no organized strike; that there were very few pickets on the line and that they were each of them volunteers, no one being paid anything. This contention is fully disproved by the testimony of Paul Smith, President of the Union, who stated that *he was in charge of the strike.* Neither the Board of Review nor the chancellor took any stock in complainants' contention that members who were around the gates of the plant, but not carrying flags or slogans, should be considered as strikers. We will not enter upon a discussion of this issue since it it foreclosed by a concurrent finding contrary to the complainants' contention. We think however there is no merit in the suggestion that a person is not on picket duty in the absence of any showing that he is carrying a flag and is being paid to act.

Contention is further made that both the Board and the chancellor erred in holding that complainants were not available for work because of the strike situation in which they were participants. It is argued that "they were available for work at any time they might have been offered work." Considering this argument in the light of the foregoing concurrent finding, that the

members of the union closed down the plant, and no one was permitted to enter, the conclusion of these two fact-finding tribunals that they were not available for work is not now a matter of dispute. Inasmuch as the complainants closed down the plant so that no one could enter, they can hardly be heard to say that they were available for work therein, and hence eligible for unemployment compensation.

The chancellor based his decree upon the holding of this Court in *Clinton* v. *Hake et al.*, 185 Tenn. 476, 206 S. W. (2d) 889 in which the Code Sections 6901.4 and 6901.5 were construed and there held that ''as a condition of eligibility for unemployment benefits the Commissioner must find that the employee is able to work and available for work.'' The complainants take the position that Section 5 (d) (3) of the Act gives any claimant, whose unemployment is due to a labor dispute, *an unqualified right* to payment of unemployment compensation benefits after the expiration of four weeks of disqualification as provided therein; that the complainants are entitled to claim such benefits even though there is a concurrent finding by the Board and the chancellor that such claimants were not available for work within the meaning of Section 4 (c) of the Act. Section 6901.4 (c) of the Act is as follows:

''An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that . . . (c) He is able to work and is available for work.''

Section 6901.5 provides:

''Disqualification for benefits.—An individual shall be disqualified for benefits—

" (a) For the week in which he has left work voluntarily without good cause, if so found by the commissioner, and for not less than the one or more than the five weeks which immediately follow such week (in addition to the waiting period), as determined by the commissioner according to the circumstances in each case. . . .

" (d) . . . (3) Provided, however, that in no event shall any disqualification under this subsection extend or be applicable for a period of time in excess of four (4) weeks, with respect to any one (1) labor dispute."

The foregoing Subsection (d) (3) was in effect when the present controversy arose, but has since been repealed. The construction given it by this Court in *Clinton* v. *Hake et al., supra,* however is necessarily the law of this case, provided it is applicable. It was invoked by striking employees in *Clinton* vs. *Hake et al., supra,* and there held that compensation should be denied "on the ground that such claimant was not available [for work]." *Reese* v. *Hake,* 184 Tenn. 423, 199 S. W. (2d) 569, 570.

Counsel for complainants seek to distinguish the facts of the instant case from *Clinton* v. *Hake, supra.* But since there is a concurrent finding that complainants were not available for work, due to the strike which their union called and supported, complainants being active participants, the holding is clearly applicable to the instant case.

We are not in the least concerned as to the reasons for the repeal of the above mentioned subsection. While it conferred special rights upon persons who were connected with organized labor, as distinguished from other workers, the legislature could not have intended to exclude them from the requirements for eligibility to receive unemployment benefits as prescribed in Sec. 4 (c) of the Act.

We concur with the holding of the chancellor that any unemployed claimant must first bring himself within the eligibility conditions of Section 4 before any disqualifying tests should be considered and applied; in other words he must first show that he was able to work and available to work.

Moreover, it appears to be conceded on the complainants' brief that the conditions of their unemployment resulted from calling the strike and continuing it. It is, for this reason, the case of *Clinton* v. *Hake, supra*, is controlling. On page 16 of counsel's brief it is thus argued:

"No doubt the employees relied on this Statute (Sec. 5 (d) (3)), which they had the right to do, and *perhaps would never have called a strike or continued it as long as they did if it had not been for the provisions of the Statute.*" (Italics ours.)

It is further urged upon us that the complainants were available for work, but "they were never offered any employment by anybody." The fallacy of this contention is that no employer of labor would think of offering work to a member of the union to work only for a day or until the strike at defendant's plant had terminated.

 The object of our unemployment compensation statute is to give aid to persons who are unemployed by reason of circumstances not of their own fault or contrivance. The Act provides against "involuntary unemployment" which "now so often falls with crushing force upon the unemployed worker and his family." Code Sec. 6901.2. In the light of this proviso and, the further declared purpose of the legislature to "encourage employers to provide more stable employment" we cannot read into the act a contrary intent.

There is but one conclusion to be drawn from the brief of counsel for complainant, which is clearly at variance with the declared purpose of the statute, which is that the language of the Act justified them in the belief that they could "call a strike and continue it", and that the State of Tennessee would pay unemployment compensation benefits indefinitely after a lapse of four consecutive weeks; that regardless of the reasons for their unemployment (after the expiration of four weeks) it was the duty of the State to pay them unemployment benefits, and thus finance a strike against any and all rights of the employer. This is not, and could not in reason, be the policy of the law.

The assignments of error are overruled and the decree of the chancellor is affirmed.

All concur.

## On Petition to Rehear.

The complainants in the trial court, and plaintiffs in error in this Court, have filed their petition to rehear. They complain that in deciding the case against them, we were in error in holding (1) that there was a concurrent finding by the Board of Review and the Chancellor (2) that we "wholly overlooked and failed to construe the meaning of the section of the Act on which the petitioners rely for relief, Sec. 6901.5 (d) (3) of the Unemployment Compensation Act."

■■ It is insisted that "the chancellor refused to consider the facts," and for this reason there was no concurrent finding. We think the Counsel are mistaken. The Chancellor considered the entire record, including all the evidence that was introduced before the Board of Review and sustained the finding of the Board. The

trial court had no authority to try the case *de novo*. But it was his duty to decide if there was any material evidence to sustain the finding of the Board. The Chancellor's decision was not based upon "an iota" of evidence or "scintilla" of evidence as claimed by petitioners. On the contrary he stated in his opinion, that the evidence of the complainants' (petitioners') witnesses, as quoted by the Board in its finding of facts, *"establishes beyond gainsaying that there was some evidence to support the finding."* (Emphasis ours.) It must not be overlooked that the Chancellor was reviewing the action of an administrative Board under the common law writ of *certiorari* and if he concurs with the Board that there was some material evidence to show the petitioners "were not available for work," it is binding upon this Court.

The identical question was raised in *Clinton* v. *Hake, et al.*, 185 Tenn. 476, 206 S. W. (2d) 889, 891. There the trial court agreed with the Board of Review as to certain determinative issues of fact. In reviewing the Chancellor's decree it was said:

"In this Court, since the concurrence of the chancellor with the Board of Review, we think these questions of fact have been conclusively determined against petitioner's contention. *National Optical Stores, Inc.,* v. *Bryant*, 181 Tenn. 266, 181 S. W. (2d) 139; *Dale* v. *Hartman*, 157 Tenn. 60, 6 S. W. (2d) 319; Code sec. 10620."

Counsel also make another misleading statement, unintentionally however, that the cause reached the court with the finding of fact, "first, in favor of petitioners, and second, by the Board of Review against the petitioners." The fact is that Commissioner Hake allowed complainants' claim without hearing any proof. All he had before him was an *ex parte* claim for unemployment

compensation. What he did, as stated in *Clinton* v. *Hake et al.*, was "After this claim is filed the commissioner more or less enters a *pro-forma* allowance."

When the cause was taken to the Board of Review there was a full hearing and a lawful determination of the rights of the parties. So that when the cause finally reached this Court there was definitely, and beyond any doubt, a concurrent finding upon an issue of fact which was conclusive of the question, viz. that the petitioners, claimants, were not available for work and were ineligible under the statute to receive unemployment compensation. Code, Section 6901.4.

The petition for rehearing insists that we failed to construe Section 6901.5 and that "employees and labor union members all over the State would appreciate a clarification of the meaning of this subsection by this Honorable Court." The foregoing is made the basis for rearguing the original legal proposition. The counsel follow this up with repeated inquiries which only indicates their disapproval of the Court's construction of the particular Code Section. Our view was, and still is, governed by *Clinton* v. *Hake*. Moreover this section needs no further clarification to enable petitioners and others, similarly situated, to know their exact status in some future "labor dispute" because the code section relied on has been repealed.

The petition to rehear is denied.

All concur.