498

MILLER *v.* WILEY *et al.*

(*Knoxville,* September Term, 1949.)

(May Session, 1950.)

Opinion filed June 10, 1950.

WALTER T. WOOD, and CARL J. WOOD, both of Chattanooga, for appellant.

W. L. MOORE, CHAS. K. COSNER, both of Nashville, and McCOY, WITT & ABERNATHY, of Chattanooga, for appellees.

Mᴿ. Jᴜsᴛɪᴄᴇ Pʀᴇᴡɪᴛᴛ delivered the opinion of the Court.

Complainant, Grace Bell Miller, worked for defendant, Dixie Mercerizing Company, from February 7, 1946, until January 12, 1948, when she was discharged on account of excessive absenteeism.

On January 21, 1948, complainant filed a claim for unemployment compensation benefits and was paid a full series of benefits on said claim. This claim does not directly enter into this controversy. Following the expiration of her benefit year, and without any intervening employment, on January 21, 1949, complainant again filed a claim for benefits based upon wage credits earned in the period of employment previously referred to with defendant, Dixie Mercerizing Company. This is the claim in controversy here.

Complainant's claim for benefits was denied by the Department of Employment Security by the Chief of the Adjustment Section, by the Appeals Examiner, and by the Board of Review. Complainant then filed a petition for *certiorari* in the Chancery Court of Hamilton County, and the Chancellor upheld the finding of the Board. This finding was to the effect that complainant was not able and available for full-time employment within the meaning of Section 4 of the Tennessee Employment Security Act, Williams' Code, Section 6901.28.

The only question presented on this appeal is whether there was any material evidence to support the denial of unemployment benefits by the Board of Review. The

Board found as a fact that complainant was not able to work, and that she was compelled to lose almost on the average of one day out of every five-day week on account of illness.

Section 6 (I) of the Employment Security Act, Williams' Code, Section 6901.30 (I), provides: "In any judicial proceeding under this section, the findings of the board of review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions · of law." See *Adams* v. *American Lava Corp.,* 188 Tenn. 69, 216 S. W. (2d) 728; *Clinton et al.* v. *Hake et al.,* 185 Tenn. 476, 206 S. W. (2d) 889; *Reese* v. *Hake,* 184 Tenn. 423, 199 S. W. (2d) 569; *Ezell* v. *Hake,* 184 Tenn. 319, 198 S. W. (2d) 809.

While the courts might disagree with the findings of fact as found by the Board of Review as to the weight to be given the evidence introduced in some cases, we are of opinion that there is competent evidence to support the decision of the Board in this cause under the section of the Act above quoted.

All assignments of error are overruled and the decree of the Chancellor is affirmed.

All concur.