COLUMBIA PRODUCTION CREDIT ASSOCIATION *v.* ROBERT H. POLK *et ux.*

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

ROBERT H. POLK, of Nashville, for appellants.

SHELTON & SHELTON, of Columbia, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The only question presented by this appeal of Mr. and Mrs. Polk is whether this Court should reverse the decree of the Chancery Court wherein that Court overruled a motion of Mr. and Mrs. Polk to set aside a decree pro confesso previously entered against them on the ground that the "motion fails to show good cause why said pro confesso should be set aside". Such showing is a condition precedent required by Code Section 10456.

An order pro confesso is a step taken preparatory to the trial and final disposition of business pending in Court. The timely and orderly dispatch of such business makes it necessary that the trial judge have a free hand, consistent with law and reason, with reference to the action to be taken upon matters preparatory to the disposition of pending court business. As far back as *Buchanan v. McManus,* 22 Tenn. 449, this Court, speaking through Mr. Justice Turley, took note of that necessity in its comment that: "It is exceedingly difficult for a revising court to correct any error or mistake of an inferior court in matters so entirely discretionary as the making and setting aside orders preparatory to the trial of cases. There is no principle upon which the court can rest with safety in doing so; and, therefore, without controverting that it is sometimes done, yet it may be safely said that

it never is except in extraordinary cases of great and palpable injustice''.

The above stated rule of public policy, and of which the statute, Code Section 10456, is possibly declaratory, was reiterated in *Reese* v. *Hake*, 184 Tenn. 423, 425, 199 S. W. (2d) 569; and again in *Gamble* v. *Waters*, 197 Tenn. 470, 274 S. W. (2d) 3, 4, wherein this Court held that ''the action of the Chancellor in overruling a motion to set aside an order pro confesso will not be disturbed unless it affirmatively appears that there was an abuse of discretion in overruling the motion.''

The subpoena to answer required Mr. and Mrs. Polk to answer the bill on April 19 (third Monday), 1954. Having failed to heed this requirement, an order pro confesso was entered on May 24, 1954. The reason assigned for failure to answer as required is that defendants' solicitor was informed on May 24, 1954, that no pro confesso had been entered, when, according to the record, such order had been entered on that date.

It must be conceded that information or misinformation obtained on May 24, 1954, is no excuse for having failed to heed a subpoena personally served upon defendants and requiring an answer by April 19 preceding. It necessarily follows that there was no abuse of discretion in overruling the motion to set aside the order pro confesso.

Affirmed with costs.