W. J. Duke, Appellant,

*v.*

Mrs. C. Frank Scott, Commissioner of Tennessee
Department of Employment
Security, et al., Appellees.

392 S.W.2d 809.

(*Nashville,* December Term, 1964.)

Opinion filed July 14, 1965.

HENRY, McCORD, FORRESTER & RICHARDSON, Tullahoma, for appellant.

W. L. MOORE, Chief Counsel, W. D. DODSON, Assistant Chief Counsel, Department of Employment Security, Nashville, for appellees.

Mr. Justice Chattin delivered the opinion of the Court.

W. J. Duke, hereinafter referred to as the petitioner, was employed as a carpenter in 1947 by the Tennessee Department of Corrections and was assigned to various contractors for payroll and unemployment compensation purposes. The last contractor to which he was assigned was one of the respondents to this action, Southern Contractors, Inc.

On January 3, 1964, petitioner received a separation notice because of the lack of work which carried thereon a notation, "told to report back in two weeks if work not found."

On January 6, 1964, petitioner filed a claim for unemployment compensation. He did not report back to Southern Contractors until February 17, 1964. His claim for unemployment compensation was terminated effective as of January 25, 1964, by the Department of Unemployment Security.

On February 17, 1964, petitioner appealed to the Appeals Referee, and after a hearing, the decision of the Department was set aside and petitioner's claim was restored to approved status.

Thereafter, the matter was appealed to the Board of Review, which, after making certain findings of fact, reversed the decision of the Appeals Referee and dismissed or rejected petitioner's claim upon authority of T.C.A. Section 50-1323(C).

Petitioner then filed a petition for the writ of certiorari in the Chancery Court of Coffee County seeking a

reversal of the judgment of the Board of Review. The Chancellor granted the petition for certiorari, and after answers were filed by the defendants and oral arguments heard, the Chancellor dismissed the petition, it being his opinion there was material evidence in the record to support the finding of the Board of Review that petitioner was unavailable for work and the finding of the Board could not be disturbed.

Petitioner has appealed to this Court. Counsel for the respondent, Commissioner of the Department of Employment Security, has filed a motion in this Court to strike the case from the docket on the ground no appeal was prayed or granted in the trial court.

The record shows a decree was entered in the trial court on December 29, 1964, dismissing the petition for certiorari. No provision for an appeal was incorporated in the decree. Petitioner filed a petition to rehear. The Chancellor filed a very able and exhaustive memorandum opinion in which he denied the petition to rehear.

On January 30, 1965, a decree was entered in the trial court denying the petition to rehear. This decree did not contain a provision for an appeal.

However, a proper appeal bond was filed on February 12, 1965. A supplemental order was filed on March 1, 1965, allowing Counsel for petitioner thirty days in which to file a bill of exceptions. On March 8, 1965, the Chancellor entered an order in which it is recited:

"It appearing to the court that this is a proper case in which the original transcript of the record and exhibits as received in this court on petition for certiorari should go to the Supreme Court in original form

and, together with the technical record and pleadings, constitute the proceedings on the trial of this case."

While it is true as a general rule in order to vest an appellate court with jurisdiction of the cause by appeal, the appeal must be both prayed for and granted in the trial court; yet, certain exceptions to the rule have been recognized. *Gray v. State,* 207 Tenn. 39, 336 S.W.2d 22 (1960); *Bank of Charleston v. Johnston,* 105 Tenn. 521, 59 S.W. 131 (1900).

In the Johnston case, supra, the complainant prayed an appeal and was allowed thirty days to file an appeal bond, but the record did not show an appeal had been granted by the trial court. In disposing of a motion to dismiss the appeal because the record failed to show the appeal was granted, this Court said:

"We think that the allowance of time by the Chancellor for the defendant to give bond is equivalent to a recital that the appeal was granted, for otherwise the chancellor would certainly not have given time to make the appeal bond; so that we hold that the appeal in this case was granted."

In the Gray case, supra, an appeal was neither explicitly prayed for nor granted, but the record did show the defendant had excepted to the action of the Court in overruling a motion for a new trial and an order was entered later extending defendant's time in which "to perfect his appeal and file bill of exceptions in this cause."

This Court, in an opinion by Chief Justice Burnett, in denying a motion by the State to strike the case from the docket, held that the record need not show directly the appeal was prayed for and granted but may be shown indirectly. The opinion quoted with approval the follow-

ing from the case of *Chattanooga-Dayton Bus Line v. Lynch*, 9 Tenn.App. 129 (1927):

"While undoubtedly it has been more than once held, from the numerous citations in defendant-in-error's brief, that in order to give jurisdiction to the appellate court of the case on appeal, the record minutes must show that an appeal was both prayed for and granted, yet in the case of *Bank [of Charleston] v. Johnston*, 105 Tenn. 521, 59 S.W. 131, it was held that this need not be directly shown by the entry; that one of these essential facts (and by a parity of reasoning both of them) may be shown indirectly in, that where the final decree recites prayer for appeal, and gives time to 'make and file an appeal bond,' bond being afterwards given, it sufficiently shows that the appeal was granted."

We think the record in the instant case indirectly shows the appeal was both prayed for and granted by the orders entered on March 1 and 8, 1965. Accordingly, respondents' motion to strike the case from the docket is overruled.

We now consider the merits of the case. By assignments of error one, three and four, petitioner insists the Chancellor erred in sustaining the finding of the Board of Review petitioner had failed to meet the eligibility requirements of T.C.A. Section 50-1323(C) as to availability for work.

If there is material evidence to support the finding of facts by the Board of Review, such findings are conclusive on the Chancellor; and the Chancellor's inquiry is then confined to questions of law. T.C.A. Section 50-1325 (I); *Moore v. Commissioner of Employment Security*, 197 Tenn. 444, 273 S.W.2d 703 (1954); *Milne Chair Com-*

*pany v. Hake,* 190 Tenn. 395, 230 S.W.2d 393 (1950);
*Miller v. Wiley,* 190 Tenn. 498, 230 S.W.2d 979 (1950).

The Board of Review found petitioner worked as a carpenter for Southern Contractors from July 10, 1963, to January 3, 1964, at which time he was laid off for lack of work while working in Nashville, with notice to report back in two weeks if he had not found other work in the meantime.

Although petitioner reported to the Tullahoma office of the Department of Employment Security on February 3, he made no effort, in person or otherwise, to contact Southern Contractors at the end of the two weeks period. His claim for unemployment benefits was terminated on January 25, 1964, and he filed an appeal from the termination order to the Appeals Referee on February 17, 1964.

The Board of Review further found that two carpenters had been employed by Southern Contractors at the end of the two weeks period, and that by not reporting back to his employer, petitioner was unavailable for work within the meaning of T.C.A. Section 50-1323(C). The fact that petitioner did not report back or contact his employer until February 17, 1964, is undisputed.

■■ We find, as did the Chancellor, there is material evidence to support the finding of the Board of Review petitioner was unavailable for work. This being true, this Court, as was the Chancellor is bound by that finding. *Ezell v. Hake,* 184 Tenn. 319, 198 S.W.2d 809 (1947); *Clinton v. Hake,* 185 Tenn. 476, 206 S.W.2d 889 (1947); *Adams v. American Lava Corp.,* 188 Tenn. 69, 216 S.W.2d 728 (1948). Thus, we must overrule assignments one, three and four.

■ By assignments two and five, petitioner insists the Chancellor was in error in holding petitioner was ineligible for unemployment compensation benefits for the entire period of his unemployment and in sustaining the Board of Review ''which failed to find that even if petitioner was ineligible for unemployment compensation, he was only ineligible for such compensation for the period January 25, 1964, to February 3, 1964, in view of the language of T.C.A. Section 50-1323(C).'' It is argued in support of these two assignments that disqualification for benefits could only be for one week, since T.C.A. Section 50-1323 (C) speaks in terms of eligibility for ''any week.''

The finding of the Board of Review does not speak of disqualification for a period of time; the findings merely states the petitioner failed to meet eligibility requirements under T.C.A. Section 50-1323(C). There is nothing in the record to indicate petitioner has filed further claims. In fact, in April 1964, petitioner testified before the Appeals Referee he would not accept employment in the Nashville area at that time, because he was a diabetic and did not have transportation. We overrule these assignments.

Petitioner's sixth, seventh and eighth assignments are the Board of Review did not find there was no statutory basis for the award of a non-charge in favor of petitioner's employers, because petitioner neither voluntarily quit nor was he discharged for misconduct; that his two previous employers, Central Construction Company and Patton Hossee Construction Company, had no grounds for a non-charge, thus making petitioner eligible for unemployment benefits charged to these latter employers; and that the Board of Review failed to recommend that petitioner be paid unemployment compensation out of a

general fund of the State; and, therefore, the Chancellor was in error in sustaining the Board.

These matters were not called to the attention of the Chancellor in petitioner's petition to rehear. Nevertheless, we see no merit in these assignments, since a finding was made petitioner was unavailable for work. The fact he was an employee of the Department of Corrections does not obviate the fact he was paid by Southern Contractors and that a finding was made he was unavailable for work. We overrule assignments six, seven and eight.

■ The final assignments is the Chancellor erred "in failing to alternatively remand the case to the Board of Review for a new hearing." However, since we have found there is material evidence in the record to support the finding of the Board of Review and the Chancellor petitioner was unavailable for work, there was no basis for such action on the part of the Chancellor.

For the foregoing reasons, the decree of the Chancellor is affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and HOLMES, JUSTICES, concur.