**Oliver PATTERSON**

v.

**TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT.**

Supreme Court of Tennessee, at Nashville.

Nov. 8, 2001.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, E. Blaine Sprouse, Assistant Attorney General, for the appellee, Tennessee Department of Labor and Workforce Development.

**OPINION**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

After being discharged by his Tennessee employer, Oliver Patterson filed a claim for unemployment compensation benefits with the Tennessee Employment Security Division. His claim was denied; the Appeals Tribunal and the Board of Review affirmed the decision. Patterson filed a petition for judicial review and a petition to proceed *in forma pauperis* with the Chancery Court for Davidson County. In the petitions, Patterson described himself as an Arkansas resident. The chancellor denied his petitions based upon Tenn.Code Ann. § 20–12–127 (Supp.2000), which permits only Tennessee residents to commence civil actions *in forma pauperis.* Patterson filed a motion for interlocutory appeal and a motion to proceed *in forma pauperis* on appeal. The chancellor denied the motions on the same grounds, i.e., that Patterson was not a Tennessee resident. The Court of Appeals affirmed the decision. On appeal to this Court, Patterson contends that he has a right to seek judicial review of the administrative decision *in forma pauperis.* After thorough review and consideration, we hold that Tenn.Code Ann. § 20–12–127 is inapplicable to judicial review of an administrative denial of unemployment compensation ben-

John E. Herbison, Nashville, Tennessee, for the appellant, Oliver Patterson.

efits. We further hold that the pertinent provision of the unemployment compensation statute, Tenn.Code Ann. § 50–7–304(i) (1999), does not limit judicial review to Tennessee residents, and therefore non-residents may proceed *in forma pauperis* in seeking judicial review of an administrative denial of unemployment compensation benefits. Accordingly, the judgment of the Court of Appeals is reversed, and this cause is remanded to the Chancery Court for Davidson County.

## I. Facts and Procedural History

Oliver Patterson, the appellant, filed a claim for unemployment compensation benefits with the Tennessee Employment Security Division (TESD) of the Department of Labor and Workforce Development after being discharged from his job in Memphis, Tennessee. The TESD found that Patterson had left his employment without good cause, and it denied his claim. Pursuant to Tenn.Code Ann. § 50–7–304(d) and (e) (1999), Patterson appealed to the Appeals Tribunal. It affirmed the TESD's ruling, as did the Board of Review.

Patterson filed a pro se petition for judicial review in the Chancery Court for Davidson County. He requested to proceed as an indigent and attached an affidavit of indigency thereto, although he did not give security for costs and taxes. Patterson averred, however, that he was a resident of Arkansas. The chancellor denied his request for indigent status based upon Tenn.Code Ann. § 20–12–127(a) (Supp.2000), which provides that "[a]ny civil action may be commenced *by a resident of this state* without giving security as required by law for costs and without the payment of litigation taxes due ..." (emphasis added). The chancellor found that under this statute, only Tennessee residents could commence an action without giving security for costs and taxes.

Thereafter, Patterson filed a "Notice of Interlocutory Appeal." The chancellor treated this "Notice" as a motion for an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure and denied the motion. Patterson also filed a motion to proceed *in forma pauperis* on appeal. The chancellor denied the motion, as he did the other motions, on the grounds that Patterson was not a Tennessee resident.

Patterson then filed an "Ex Parte Application for Interlocutory Review" with the Court of Appeals. The court ordered the attorney general to file a response pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure, which was done. The court denied Patterson's application.

We granted Patterson's application for permission to appeal to determine whether a nonresident may proceed *in forma pauperis* when seeking judicial review of an administrative decision.[1]

## II. Standard of Review

 Construction of a statute and its application to the facts of a case are issues of law. *See The Beare Co. v. Tennessee Dept. of Revenue,* 858 S.W.2d 906, 907 (Tenn.1993). Our review, therefore, is de novo without any presumption of correctness given to the trial court's conclusions of law. *See State v. Owens,* 20 S.W.3d 634, 637 (Tenn.2000).

## III. Analysis

We have been asked to determine whether a nonresident may seek judicial review *in forma pauperis* of an administrative decision denying unemployment

---

**1.** We also appointed counsel to represent Patterson pro bono in this appeal only.

compensation benefits.[2] In denying Patterson's petition, the trial court and the Court of Appeals relied upon Tenn.Code Ann. § 20–12–127, entitled the "Pauper's oath" statute, which provides:

(a) *Any civil action may be commenced by a resident of this state* without giving security as required by law for costs and without the payment of litigation taxes due by

(1) Filing the following oath of poverty: I, _____, do solemnly swear under penalties of perjury, that owing to my poverty, I am not able to bear the expense of the action which I am about to commence, and that I am justly entitled to the relief sought, to the best of my belief;

and

(2) Filing an accompanying affidavit of indigency as prescribed by court rule.

(b) The filing of a civil action without paying the costs or taxes or giving security for the costs or taxes does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court.

Tenn.Code Ann. § 20–12–127 (Supp.2000) (emphasis added). This Court has heretofore not determined whether this statute requires nonresidents to give security for costs and taxes before seeking judicial review of an administrative decision.

■ We begin with analysis of the Uniform Administrative Procedures Act and the unemployment compensation statute. Careful examination of these provisions reveals that the Pauper's oath statute is not controlling in this case. The Uniform Administrative Procedures Act provides in pertinent part: "A person who is aggrieved by a final decision in a contested case is *entitled* to judicial review under this chapter, which shall be the only available method of judicial review...." Tenn.Code Ann. § 4–5–322(a)(1) (1998 Repl .) (emphasis added). Likewise, the statutory provision which governs the procedure for appeal of a denial of unemployment compensation benefits provides that a "[p]etition for judicial review shall be heard by the chancellor ... *as a matter of right,* any other statute of this state to the contrary notwithstanding," and it further provides that "[i]n any judicial proceedings under this subsection, the appellant or petitioner shall give bond for costs, *or in lieu thereof take the oath prescribed by law for paupers.*" Tenn.Code Ann. § 50–7–304(i)(3), . (5) (1999) (emphasis added). Thus, the statute provides that petitioners may seek judicial review in the chancery court as a matter of right, and it preserves the right of indigent petitioners to proceed *in forma pauperis.* The provision makes no reference to Tenn.Code Ann. § 20–12–127, nor does it provide that the right to proceed *in forma pauperis* should be reserved solely to Tennessee residents.

■ It could be argued that the unemployment compensation review statute itself contains a residency requirement because it provides that "any party aggrieved [by a decision of the unemployment compensation board of review] may secure judicial review thereof by filing a

---

**2.** Because our holding in this case is based upon statutory construction, we do not reach the constitutional issues raised by Patterson. *See Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995) ("[U]nder Tennessee law, courts do not decide constitutional questions unless resolution is absolutely necessary for determination of the case and the rights of the parties."); *see also Watts v. Memphis Transit Management Co.,* 224 Tenn. 721, 462 S.W.2d 495, 498 (1971) ("[S]ince this case is to be disposed of on a nonconstitutional issue, that of statutory construction and application, we do not, and should not, reach a constitutional issue .") (citations omitted).

petition for judicial review *in the chancery court of the county of such party's residence*" and provides no instruction regarding the filing of petitions for judicial review by claimants who do not reside in Tennessee. Tenn.Code Ann. § 50–7–304(i)(1) (emphasis added). In light, however, of the statutory pronouncement that persons seeking unemployment compensation benefits may petition for judicial review as a matter of right, we conclude it would be illogical to interpret another portion of the same statute to allow only Tennessee residents to file such a petition. Because Tenn. Code Ann. § 50–7–304 does not outline procedures for the filing of petitions by nonresidents, we turn to the judicial review provision of the Uniform Administrative Procedures Act, codified at Tenn. Code Ann. § 4–5–322, to determine the appropriate place of filing for judicial review petitions by nonresidents. That provision provides that "[p]roceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute." Since no statute specifies the court where nonresidents may file a petition for review, a petition may properly be filed in the Chancery Court for Davidson County. Therefore, Tenn.Code Ann. § 50–7–304(i)(1) does not bar nonresidents from seeking judicial review of a decision by the board, and thus it follows that the statute also does not bar those nonresidents from proceeding *in forma pauperis* when filing a petition for review.

■ This Court has stated that "[t]he most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995) (emphasis

added). We also have recognized that specific statutory provisions typically will be given force and effect over more general statutory provisions. *See, e.g., Five Star Express, Inc. v. Davis,* 866 S.W.2d 944, 946 (Tenn.1993). The purpose of the unemployment compensation statute is to "give aid to persons who are unemployed by reason of circumstances not of their own fault or contrivance." *Adams v. American Lava Corp.,* 188 Tenn. 69, 216 S.W.2d 728, 731 (1948); *see also* Tenn.Code Ann. § 50–7–101 (1999). Prohibiting nonresident indigents from seeking judicial review *in forma pauperis* in effect would close the doors of the courts to nonresident indigents. Because both residents and nonresidents may find themselves unemployed and indigent "by reason of circumstances not of their own fault or contrivance," such a result would stifle the statute's purpose. *See Adams,* 216 S.W.2d at 731. Given the purpose and the unambiguous language of the Uniform Administrative Procedures Act and the unemployment compensation statutes, applying Tenn.Code Ann. § 20–12–127 to limit a nonresident's right to seek judicial review *in forma pauperis* of unemployment compensation claims would unduly enlarge that statutes's coverage beyond its intended scope. In addition, the review provision of the unemployment compensation statute contains no residency requirement for proceeding *in form pauperis,* and this specific statute is controlling on the issue.

■ Patterson worked in Tennessee, was discharged in Tennessee, applied for unemployment compensation benefits in Tennessee, sought—and can only seek—judicial review in Tennessee, yet he resides in Arkansas. Because Tenn.Code Ann. § 50–7–304(i) does not limit the right to seek judicial review *in forma pauperis* to Tennessee residents and there is no indication that the legislature intended to

do so, we hold that Patterson, a nonresident, has a right to seek judicial review *in forma pauperis* before the Chancery Court for Davidson County. Our disposition of this case renders it unnecessary to address the issues raised by the parties regarding the constitutionality of Tenn. Code Ann. § 20–12–127. The judgment of the Court of Appeals is reversed, and this cause is remanded to the Chancery Court for Davidson County for further proceedings.

## IV. Conclusion

 Because Tenn.Code Ann. § 20–12–127 (Supp.2000) is inapplicable to judicial review of administrative proceedings and Tenn.Code Ann. § 50–7–304(i) (1999) does not limit the availability of judicial review *in forma pauperis* to Tennessee residents, we hold that the statute confers upon an indigent, regardless of residency, the right to seek judicial review *in forma pauperis* of an administrative decision denying unemployment compensation benefits. The judgment of the Court of Appeals is therefore reversed, and this cause is remanded to the Chancery Court for Davidson County where the cause shall proceed in a manner consistent with this opinion, subject, of course, to the chancellor's finding as to Patterson's indigency.[3] Costs of this appeal are taxed to the Tennessee Department of Labor and Workforce Development.

---

3. Notably, our review of the record indicates that Patterson has filed both a motion for leave to proceed *in forma pauperis* and an affidavit of indigency, but the record does not appear to contain "the oath prescribed by law for paupers" required by Tenn.Code Ann. § 50–7–304.