IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
NOVEMBER 5, 2003 Session

## JERRY MCGEEHEE, ET AL. v. MICHAEL W. DAVIS

### Direct Appeal from the Circuit Court for Hickman County
No. 01-5029C0-1   Robert E. Lee Davies, Judge

### No. M2002-03062-COA-R3-CV - Filed January 15, 2004

This case is an appeal from a wrongful death claim in which the Defendant was found only fifty percent at fault. The Plaintiffs appeal to this Court for review of two procedural issues. For the following reasons, we affirm the trial court.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Larry D. Ashworth, Nashville, TN, for Appellant

J. Russell Parkes, Wesley Mack Bryant, Columbia, TN, for Appellee

### OPINION

### Facts and Procedural History

This action arose out of an accident wherein Alyssa McGeehee, the daughter of Jerry McGeehee and Shirley Haworth (collectively the "Appellants" or "Plaintiffs"), was hit by Michael Davis ("Appellee" or "Defendant") when he drove over the crest of a road in Hickman County. The Plaintiffs brought an action against Defendant for the wrongful death of Alyssa McGeehee, seeking damages in the form of medical and funeral expenses and the pecuniary value of Alyssa McGeehee's life.

During the voir dire of the jury, Plaintiffs argued that they should be entitled to eight peremptory challenges, however, the trial court allowed only four to each side. Though Plaintiffs sought eight challenges and only received four, they failed to use all four of the challenges given them.

The Plaintiffs, during their case-in-chief, called Tonya Lee ("Lee") to the stand to testify as the only eyewitness to the accident. Lee testified to the events leading up to and after Alyssa McGeehee was hit by Defendant's car. On cross examination, Lee was asked whether she had made certain statements to Defendant's wife, April Davis ("Mrs. Davis"), or Tennessee State Trooper David McDougal ("McDougal"). Specifically, Lee was asked whether she stated to Mrs. Davis that Lee told Alyssa McGeehee not to get out of the vehicle. Lee was also asked whether she indicated the specific spot on the road on which Alyssa McGeehee stood when she was hit by Defendant's vehicle. Lee denied making either statement. For Defendant's case-in-chief, he called Mrs. Davis and McDougal to the witness stand. Both Mrs. Davis[1] and McDougal testified contrary to Lee. McDougal testified that Lee directed McDougal to the point in the road on which Alyssa McGeehee was standing at the time she was hit by Defendant's car. Specifically, McDougal stated that Lee physically took McDougal to the spot on which Alyssa McGeehee was standing, which was in Defendant's lane of the road. After Defendant concluded his case-in-chief, Plaintiffs requested the trial court allow them to recall Lee to rebut the testimony of Mrs. Davis and McDougal, but the trial court denied this request, stating that Lee had already been afforded an opportunity to deny making such statements to Mrs. Davis and McDougal when she was cross examined. The jury found Alyssa McGeehee and Defendant equally at fault, and, therefore, they awarded Plaintiffs no damages. Plaintiffs timely appealed and raised the following issues for our review:

I.    Whether the trial court committed reversible error by denying Plaintiffs eight peremptory challenges pursuant to Tenn. Code Ann. § 22-3-105(b) (1994); and

II.   Whether the trial court committed prejudicial error when it denied Plaintiffs the opportunity to recall Tonya Lee as a rebuttal witness to explain any inconsistent statements presented to impeach her.

For the following reasons, we affirm the decision of the trial court on these issues.

**Standard of Review**

Issues of statutory construction and interpretation are questions of law, and, as such, our review of these issues is *de novo* with no presumption of correctness afforded to the trial court's conclusions of law. *Patterson v. Tenn. Dep't of Labor & Workforce Dev.*, 60 S.W.3d 60, 62 (Tenn. 2001) (citing *State v. Owens*, 20 S.W.3d 634, 637 (Tenn. 2000); *The Beare Co. v. Tenn. Dept. of Revenue*, 858 S.W.2d 906, 907 (Tenn. 1993)); *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000) (citing *Ivey v. Trans. Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn. 1999); *Perry v. Sentry Ins. Co.*, 938 S.W.2d 404, 406 (Tenn. 1996)). Additionally, it is within the trial judge's discretion whether to reopen the proof for further evidence and that decision will not be disturbed absent a showing of injustice or an abuse of discretion. *Simpson v. Frontier Cmty. Credit*

---

[1]    Though this Court was not given a complete transcript of the trial and, therefore, did not receive a transcript of Mrs. Davis' testimony, it is asserted by both parties that Mrs. Davis' testified that, after the accident, Lee stated that she told Alyssa McGeehee not to get out of the truck in which they were driving to help a dog that was wandering in the road.

*Union*, 810 S.W.2d 147, 149 (Tenn. 1991) (citing *Higgins v. Steide*, 335 S.W.2d 533 (Tenn. Ct. App. 1959)); *see also Robinson v. LeCorps*, 83 S.W.3d 718 (Tenn. 2002).

### Peremptory Challenges

Appellants argue that the trial court erred when it denied them the use of eight peremptory challenges rather than four. This Court has recently decided this issue under similar facts in *Hunter v. Ura*, No. M2002-02573-COA-R3-CV, 2003 Tenn. App. LEXIS 755 (Tenn. Ct. App. October 28, 2003) (Rule 11 Application filed December 29, 2003). In *Hunter*, the Appellee, who was the administratrix of her husband's estate, was awarded eight peremptory challenges by the trial court. *Hunter*, 2003 Tenn. App. LEXIS 755, at *21-24. The trial court awarded the Appellee eight peremptory challenges given that there were three separate consortium claims, namely that of the widow Appellee and the two minor children of the Appellee and the deceased. *Id.* Because of the close similarity between *Hunter* and this case, we quote *Hunter* as follows:

> Defendants contend that the trial court erred in allowing plaintiff eight peremptory challenges, as [Tenn. Code Ann.] § 22-3-105 limits a single plaintiff party in a civil action to four peremptory challenges. According to defendants, Husband's estate is the sole plaintiff in this matter, and is therefore only entitled to four challenges pursuant to the statute. Moreover, defendants maintain that the trial court's decision to allow Plaintiff to exercise five challenges resulted in prejudice to the judicial process, and thereby constitutes reversible error.

> When interpreting a statute, the role of the Court is to "ascertain and give effect to the legislative intent." *Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996). In the absence of ambiguity, legislative intent is derived from the face of a statute, and the Court may not depart from the "natural and ordinary" meaning of the statute's language. *Davis v. Reagan*, 951 S.W.2d 766, 768 (Tenn. 1997); *Westland W. Cmty. Assoc. v. Knox County*, 948 S.W.2d 281, 283 (Tenn. 1997).

> Applying the above-cited principles of statutory construction, we find that [Tenn. Code Ann.] § 22-3-105(a) plainly limits a single party plaintiff or defendant in a civil action to four peremptory challenges. The statute is free of ambiguity, and we are thus unwilling to depart from the "natural and ordinary" meaning of the statute's language. *Cf. Tuggle v. Allright Parking Sys., Inc.*, 922 S.W.2d 105, 107 (Tenn. 1996) (Holding of Court that plain language of [Tenn. Code Ann.] § 22-3-105(b) allows for four additional peremptory challenges where there is more than one party plaintiff or party defendant).

> ...

> In *Jordan v. Three Rivers Hosp.*, 984 S.W.2d 593 (Tenn. 1999), our Supreme Court held that a court may consider spousal and parental consortium damages in wrongful death actions "when calculating the pecuniary value of a deceased's life,"

but stressed that "this holding does not create a new cause of action but merely refines the term 'pecuniary value.'" *Id*. at 601. Three years later, in *Kline v. Eyrich*, 69 S.W.3d 197 (Tenn. 2002), the Court again explained the status of a wrongful death action:

> The parties do not dispute that the statutes permitting an action for the wrongful death of another create "no right of action existing independently of that which the deceased would have had, had [he or she] survived." *See Rogers v. Donelson-Hermitage Chamber of Commerce*, 807 S.W.2d 242, 245 (Tenn. Ct. App. 1990); *Memphis St. Ry. Co. v. Cooper*, 313 S.W.2d 444, 447 (Tenn. 1958). Although the living beneficiaries of the action may seek a limited recovery for their own losses in addition to those of the decedent, *see Hill v. City of Germantown*, 31 S.W.3d 234, 239 (Tenn. 2000); *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 598 (Tenn. 1999), the right of action itself remains one that is "single, entire[,] and indivisible." *See Wheeler v. Burley*, 1997 Tenn. App. LEXIS 578, No. 01A01-9701-CV-00006, 1997 WL 528801 (Tenn. Ct. App. filed at Nashville, Aug. 27, 1997), *perm. to appeal denied*, Apr. 13, 1998. In point of fact, therefore, "there can be but one cause of action for the wrongful death of another." *Matthews v. Mitchell*, 705 S.W.2d 657, 660 (Tenn. Ct. App. 1985).

*Id*. at 206-07. Accordingly, we find that the sons' loss of consortium claims do not constitute new and separate causes of action. Plaintiff, as Administratrix, is the sole party plaintiff and, as such, is entitled to only four peremptory challenges.

*Id*. at *24-26*. We hold that the reasoning of *Hunter* applies to this case and that Appellants' claims for loss of consortium for the wrongful death of Alyssa McGeehee are not new and separate causes of action calling for a grant of eight peremptory challenges. Even assuming, *arguendo*, that such an action constituted more than one party plaintiff, Appellants could not assert any reversible error because they failed to utilize the four peremptory challenges they had. *Wolfe by Wolfe v. Carpenter*, 1988 WL 31775, at *6 (Tenn. Ct. App. Apr. 4, 1988); *see also Hunter*, 2003 Tenn. App. LEXIS 755, at *21. Therefore, we affirm the decision of the trial court giving Appellants only four peremptory challenges.

### Inconsistent Statements

Appellants next argue that the trial court committed error when it refused to allow Tonya Lee to be recalled to the witness stand after the Appellee's case-in-chief in order to deny making any statements to Mrs. Davis or McDougal. Tennessee Rule of Evidence 613(b) states that "[e]xtrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain *or* deny the same and the opposite party is afforded an opportunity

to interrogate the witness thereon, or the interests of justice otherwise require." Tenn. R. Evid. 613(b) (emphasis added). In addition, as noted above, a trial court is granted discretion on whether to reopen the proof for further evidence. *Simpson*, 810 S.W.2d at 149.

In this case, Lee was asked, before McDougal and Mrs. Davis testified, whether she made the statements in question. Specifically, during Appellee's case-in-chief, Mrs. Davis testified that Lee told Alyssa McGeehee, before exiting her vehicle, that she should not get out. Next, McDougal testified that Lee pointed to the spot on which Alyssa McGeehee stood when she was hit by Appellee's car and then Lee physically took McDougal to that spot. On cross examination, during Appellants' case-in-chief, Lee was asked about these statements and denied she made either of them. Because Lee was asked on cross examination whether she made the statements in question and Lee denied making such statements, we find that this argument is not meritorious and affirm the decision of the trial court.

## Conclusion

For the foregoing reasons, we affirm the trial court below. Costs of this appeal are taxed to the Appellants, Jerry McGeehee and Shirley Haworth, and their surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE