Lake F. Russell, Warden, Petitioner,

*v.*

Tommy Willis, State ex rel., Respondent.

437 S.W.2d 529.

(*Knoxville,* September Term, 1968.)

Opinion filed February 7, 1969.

GEORGE F. McCANLESS, Attorney General, and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for petitioner; and CARL K. KIRKPATRICK, District Attorney General, Blountville, prosecuted the case in the trial court.

LARRY R. DILLOW, Kingsport, for respondent.

MR. JUSTICE CRESON delivered the opinion of the Court.

The State seeks review in this Court of a judgment of the Court of Criminal Appeals, which reversed a decision of the Criminal Court of Sullivan County dismissing a petition for a writ of habeas corpus without evidentiary hearing.

The difficulties of this case derive, in no small part, from the deplorable state of the record. It must be said that the record we are furnished is as poor an example of record compilation as it has been our misfortune to observe.

Tommy Willis, the respondent here, filed a petition for a writ of habeas corpus in the Criminal Court of Sullivan County. The petition does not appear in the record, nor is there any indication of the date on which it was filed. The petition was evidently denied on July 11, 1967. No order of denial is in the record. The date of denial appears in a handwritten "motion to rehear" filed by Willis.

The "motion to rehear" urges the trial court to "reconsider" the denial of the petition for a writ of habeas corpus. The record contains a handwritten "notice of appeal" apparently filed along with the "motion to rehear." Neither handwritten document is dated.

In a "finding of facts and order" entered December 7, 1967, nunc pro tunc for August 3, 1967, the trial court denied the "motion to rehear" and granted an appeal to the Court of Criminal Appeals.

Counsel for Willis was appointed by the Court of Criminal Appeals. After hearing of the cause, that Court held there was no basis for appellate jurisdiction, but reversed the judgment of the trial court and remanded

the case ''for a new trial of the habeas corpus petition dismissed by the trial court on July 11, 1967.'' The Court of Criminal Appeals concluded that such result was required by (1) the denial by the trial court of Willis' ''constitutional right'' to full appellate review of the judgment against him, and (2) the need for a proper record under the holding of *Nelms v. State* (1966), 219 Tenn. 727, 413 S.W.2d 378.

With regard to the purported lack of appellate jurisdiction, there appears to be some misapprehension of the law or record.

T.C.A. sec. 27-310 allows parties to pray and obtain appeals from adverse judgments. Apparently the Court of Criminal Appeals is of opinion that T.C.A. sec. 27-310 requires the record explicitly and literally to show, in writing, that an appeal was both prayed and granted.

The instant record, however defective, does explicitly show that an appeal was granted. The initial paragraph of the ''finding of facts and order'' of the Criminal Court of Sullivan County, dated December 7, 1967, reveals as much:

''This is a habeas corpus petition which the Court dismissed on the fact of the writ earlier because it showed no grounds for relief. And, in it he also asks for an appeal. The appeal will have to be granted and the clerk will have to certify the record up to the Court of Appeals. I guess it goes to the new Criminal Court of Appeals.''

Again, near the end of the same Minute Book entry, the following statement appears:

''The rehearing is denied, and the appeal is granted.''

The Court of Criminal Appeals cites *Gray v. State* (1960), 207 Tenn. 39, 336 S.W.2d 22, in support of its conclusion that it was without jurisdiction to hear the case because no appeal had been prayed or granted. The opinion in *Gray v. State,* supra, may not be so read.

■ In Tennessee, as a general rule, an appeal must be both prayed and granted to vest an appellate court with jurisdiction of a cause.

*Gray v. State,* supra, states an exception to the general rule. See *Duke v. Scott* (1965), 216 Tenn. 391, 392 S.W.2d 809. *Gray v. State,* supra, holds that the requisite showing in the record that an appeal has been prayed and granted, may be made indirectly, and that such indirect showing is made where the final decree allows the party seeking an appeal time to perfect it. It must be added that the exception noted in *Gray v. State,* supra, is entirely consistent with prior constructions of statutes creating and regulating right of appeal. See *Bozeman et al. v. Naff* (1927), 155 Tenn. 121, 290 S.W. 981.

■ In the view of this Court, the above-quoted portions of the record show that an appeal was granted. The granting of the appeal shows implicitly that such appeal was prayed for; and, consequently, jurisdiction to hear the case vested in the Court of Criminal Appeals.

The Court of Criminal Appeals cites *Nelms v. State,* supra, as requiring reversal of this case:

"The rationale and teaching of *Nelms v. State,* 219 Tenn. 727, 413 S.W.2d 378, require the reversal of this case for a new trial of the petitioner's petition for the writ of habeas corpus, 'in order that a proper record may be made and in order that the accused may be afforded an effective appellate review if desired.' "

*Nelms v. State,* supra, does not support the proposition for which it is cited. That case holds that reversal may be required to afford effective appellate review, if such is desired, where the statutory right of appeal is denied by "delay or non-action" of State agencies and where the right of appeal has not been voluntarily waived.

■ The essence of the instant case revolves about the denial of the petition for a writ of habeas corpus without evidentiary hearing. A full evidentiary hearing may not be required for every petition for the writ. Unless facts sufficient to establish the void character of the proceedings which led to imprisonment are alleged, an evidentiary hearing is not warranted. The writ will not issue where the petitioner fails to allege facts showing that the writ should issue. See *State ex rel. Reed v. Heer* (1966), 218 Tenn. 338, 403 S.W.2d 310.

The "motion to rehear" filed by Willis sets out the grounds upon which the writ of habeas corpus was sought in the original petition:

## "MOTION TO REHEAR

Your petitioner, Tommy Willis, respectfully request his Honor to reconsider, and re-hear his petition for writ of habeas corpus in the above styled cause, denied July 11, 1967, for the following reason:

1. Petitioner appreciates the feeling of frustration of having apparently failed to get the point across to the Court.

2. The gist of petitioners entire argument was the simple legal proposition that it was a State action to place petitioner in another jeopardy before first hearing his petition for writ of habeas corpus.

3. The records show he was tried for escape first. Therefore, if he was available for trial for escape, he could have been afforded a hearing on his petition, on the same date, and perhaps tried for escape the next day.

4. The Court although young—must surely be aware of the basic meaning of habeas corpus proceedings in that the only relief available in this type writ, is total release, therefore, when the State deliberately chose to place your petitioner in another jeopardy, before determining the legality of his instant restraint, it *mooted petitioner's habeas action, as well as his appeal from the adverse decision thereon.*

5. The Court dismissed the foregoing 'State Action' with the assertion, 'that it was immaterial,' and then attempted to take the position that petitioner's sole argument was that he had a right to escape—because of the inordinate delay in hearing his matter.

Petitioner merely point out that had he been afforded a hearing within a reasonable time from the date of filing—the escape would probably never have occurred as he would been back in custody of the Warden. * * *''

It appears that Willis was arrested, tried and convicted for burglary and receiving stolen property. Complaining of these convictions, Willis petitioned for a writ of habeas corpus. Pending an evidentiary hearing on his petition, Willis escaped from the Sullivan County jail. He was apparently tried and convicted for escape before the evidentiary hearing was held on his first petition for habeas corpus. As revealed in the above-quoted ''motion to rehear,'' the substance of the present petition for habeas corpus is that the State placed Willis ''in another

jeopardy" by trying him for escape before the evidentiary hearing was held on the first petition for a writ of habeas corpus.

The skeleton record with which we are provided suggests that any delay in hearing of the petition for habeas corpus in the trial court resulted from application by Willis for postponement. Obviously, a complete record should show what did, in fact, occur.

■ However this be, we see nothing wrong in the action of the trial judge, constitutionally, legally or morally. Thus, we feel that a remand of this case for retrial of the petition for habeas corpus would be nothing more than idle, even had there been error.

■ As noted above, the transcript in this cause was improperly and badly compiled. Under T.C.A. sec. 8-2120, the fees to which the Clerk of the Criminal Court of Sullivan County would otherwise be entitled must be, and are, forfeited. See *Sible v. State* (1871), 50 Tenn. 137.

It results that the judgment of the Court of Criminal Appeals is reversed, and that of the Criminal Court of Sullivan County affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.