IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
JANUARY 1999 SESSION



FILED

May 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **TIM DENTON**, | * | C.C.A. NO. 03C01-9712-CR-00536 |
| APPELLANT, | * | MORGAN COUNTY |
| VS. | * | Hon. E. Eugene Eblen |
| **STATE OF TENNESSEE**, | * | (Habeas Corpus) |
| APPELLEE. | * | |

For Appellant:

Tim Denton, pro se
M. C. R. C. F. Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Ellen Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

Frank Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Tim Denton, appeals the Morgan County Criminal Court's dismissal of his petition for a writ of habeas corpus. On November 27, 1989, a Cocke County Grand Jury indicted the appellant for aggravated rape, armed robbery, and aggravated kidnapping, occurring in August of 1989. Following a trial by jury, the Cocke County Criminal Court convicted the petitioner of all three offenses and imposed an effective sentence of twenty-two (22) years incarceration in the Tennessee Department of Correction.

The petitioner filed a pro se petition for a writ of habeas corpus on April 10, 1997. On November 6, 1997, the Morgan County Criminal Court dismissed the petition without appointing counsel or conducting an evidentiary hearing. The trial court based its summary dismissal of the petition on the decision of our supreme court in State v. Hill, holding that the facts and circumstances of the petitioner's case fall within the purview of Hill. 954 S.W.2d 725 (Tenn. 1997).

On appeal, the petitioner presents two issues for our review:

(I) whether the trial court erred by dismissing his petition for a writ of habeas corpus without appointing counsel or conducting an evidentiary hearing; and

(II) whether the indictment for aggravated rape, armed robbery, and aggravated kidnapping in his case was fatally defective for failure to allege the requisite mens rea, thereby depriving the convicting court of jurisdiction.

Following a thorough review of the record, we affirm the judgment of the trial court.

2

## Analysis

The petitioner, citing Tenn. Code Ann. § 8-14-205 and Supreme Court Rule 13, § 1, argues that he has a constitutional right to counsel in habeas corpus proceedings. In addition, the petitioner contends that the trial court's summary dismissal of his petition for a writ of habeas corpus denied him due process of law. However, Tenn. Code Ann. § 29-21-109 (1980) provides that A[i]f, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused..." Moreover, Tenn. Code Ann. § 40-14-204 (1997) provides for appointment of counsel in habeas corpus proceedings *only as necessary*. Finally, there is no constitutional right to counsel in habeas corpus proceedings. See Weatherly v. State, 704 S.W.2d 730, 732 (Tenn. Crim. App. 1985). Thus, we have held that when a petition has been competently drafted and conclusively shows that the petitioner is entitled to no relief, the trial court may order the petition dismissed without the appointment of counsel and without an evidentiary hearing. Fredrick v. State, 906 S.W.2d 927, 930 (Tenn. Crim. App. 1993). See also Russell v. Willis, 437 S.W.2d 529, 531 (Tenn. 1969); State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 282 (Tenn. 1964).

Accordingly, the propriety of the trial court's summary denial of relief in this case depends upon the merits of the petitioner's claim that his convictions for aggravated rape, armed robbery, and aggravated kidnapping are void because the indictment charging those offenses failed to allege the mens rea elements of the offenses. We conclude that the indictment was sufficient and the trial court correctly dismissed the petition for habeas corpus relief.

3

Initially, the record does not contain the count of the indictment charging armed robbery. Moreover, the record does not contain the judgments of conviction indicating which counts of the five count indictment resulted in convictions. A trial court may dismiss a habeas corpus petition for failure to attach the judgment forms. Tenn. Code. Ann. § 29-21-107 (1980). Notwithstanding this rule, Acourts may take judicial notice of...court records in an earlier proceeding of the same case and the actions of the courts thereon." Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987). Additionally, the appellate courts are authorized to supplement incomplete records by the terms of Tenn. R. App. P. 24(e), and may also consider the contents of their own court records in their consideration of related cases. Accordingly, we will address the merits of the petitioner's claim.

In State v. Hill, 954 S.W.2d at 726-27, our supreme court set forth the following standard for reviewing the sufficiency of an indictment:

> [F]or offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> > (1) the language of the indictment is sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;
> >
> > (2) the form of the indictment meets the requirements of Tenn. Code. Ann. § 40-13-202 [which requires that an indictment use "ordinary and concise language"]; and
> >
> > (3) the mental state can be logically inferred from the conduct alleged.

4

The court concluded in Hill that an indictment for aggravated rape was sufficient because it satisfied constitutional and statutory requirements, and " the act for which the defendant [was] indicted, ' unlawful sexual penetrat[ion]'...is committable only if the principal actor's mens rea is intentional, knowing, or reckless.  Thus, the required mental state may be inferred from the nature of the criminal conduct alleged." Id. at 729.

Turning to the case at hand, the petitioner's offenses occurred prior to the effective date of the 1989 criminal code.  The court's decision in Hill specifically addressed offenses in the 1989 code for which the statute defining the offense omits the required mens rea but does not plainly dispense with a mens rea.  For those offenses, the 1989 code provides in a separate statute that intent, knowledge, or recklessness will suffice.  Tenn. Code Ann. § 39-11-301 (c) (1997).  Accordingly, several opinions of this court declined to apply Hill in the context of pre-1989 offenses, and instead analyzed the sufficiency of the indictment under the law in effect at the time of the offenses.  See, e.g., Hughes v. Compton, No. 02C01-9611-CC-00408, 1997 WL 786170, at *1 (Tenn. Crim. App. at Jackson, December 23, 1997), perm. to appeal denied, (Tenn. 1998); King v. State , No. 01C01-9710-CR-00487, 1998 WL 712345, at **2-4 (Tenn. Crim. App. at Nashville, October 13, 1998), perm. to appeal denied, (Tenn. 1999); Ali v. State, No. 03C01-9706-CC-00207, 1998 WL 166481, at *1 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1998); Orren v. Carlton, No. 03C01-9704-CR-00141, 1998 WL 57551, at **2-3 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1998); O'Quinn v. Carlton, No. 03C01-9703-CR-00084, 1998 WL 47947, at *2 (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1998); Tomlinson v.

5

<u>Carlton</u>, No. 03C01-9610-CR-00389, 1997 WL 604573, at \*\*2-3 (Tenn. Crim. App. at Knoxville, October 2, 1997), <u>perm. to appeal denied, concurring in results only</u>, (Tenn. 1998).

However, in <u>Dykes v. Compton</u>, 978 S.W.2d 528 (Tenn. 1998), the supreme court reviewed the sufficiency of an indictment for aggravated rape pursuant to the Sexual Offenses Law of 1979. Noting that the 1979 statute for aggravated rape neither required nor plainly dispensed with a culpable mental state, the court ruled that the <u>Hill</u> standard applies to cases under the 1979 Act as well as the 1989 Act. <u>Id.</u> at 530. <u>See also, e.g.</u>, <u>Harris v. Raney</u>, No. 02C01-9808-CC-00240, 1999 WL 134732, at \*1 (Tenn. Crim. App. at Jackson, March 12, 1999). Thus, the <u>Dykes</u> opinion effectively overruled the cases mentioned above to the extent that this court declined to apply <u>Hill</u> to pre-1989 offenses.

Accordingly, we must apply the <u>Hill</u> standard to the indictment in this case. Count one of the indictment alleged aggravated rape. At the time of the offense, aggravated rape was defined, in part, as

> unlawful sexual penetration of another accompanied by any of the following circumstances:... [f]orce or coercion is used to accomplish the act and the defendant is armed with a weapon...

Tenn. Code. Ann. § 39-2-603(1982). The petitioner's indictment contained the following language:

> that Tim Denton... on ...August, 1989, ...did unlawfully, and feloniously accomplish unlawful sexual penetration of Dorothy E. Essary by the use of force or coercion and at a time when the defendants were armed with a ... pistol, and by such violated the provisions of T.C.A. 39-2-603.

6

The aggravated rape statute neither expressly required nor dispensed with a mental state or mens rea. Nevertheless, rape was a general intent crime. Dykes, 978 S.W.2d at 530. n. 2. The indictment failed to allege the requirement of a general intent. Yet, in Dykes, the court concluded that an indictment which alleged "unlawful sexual penetration" of a child less than thirteen years of age and which included specific reference to the applicable statute provided ample notice to the accused, an adequate basis for entry of judgment, and protection from re-prosecution for the same crime. 978 S.W.2d at 530. In Ruff v. State, 978 S.W.2d 95, 97-98 (Tenn. 1998), our supreme court held that specific reference to the applicable statute provided the defendant with adequate notice of the offense charged. Accordingly, we conclude that the language of the aggravated rape indictment, including the reference to the applicable statute, satisfied the first prong of the Hill analysis.

Moreover, the indictment is concise and understandable, and the requisite mental state can be inferred from the conduct alleged. The court in Dykes noted that a general intent was easily inferable from the conduct which comprised the offense of aggravated rape. 978 S.W.2d at 530 n. 2. Moreover, in this case, it is difficult to imagine a circumstance in which a defendant could sexually penetrate a victim *by the use of force or coercion* while armed with a deadly weapon absent an intent to commit the crime. Ruff, 978 S.W.2d at 100 (the culpable mental state was more easily inferable because of the references to force and the use of a deadly weapon).

Count three of the petitioner's indictment charged the offense of armed

7

robbery. At the time of the offense, armed robbery was defined as Athe felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear." Tenn. Code. Ann. § 39-2-501 (1982). The petitioner's indictment read:

> That Tim Denton...on...August, 1989,...did unlawfully, feloniously, and forcibly take from the person of Dorothy E. Essary, by violence or putting that person in fear, the following goods or money approximately $30.00..., and certain papers and documents...Said robbery was accomplished by the use of...a pistol...

The robbery statute neither expressly required nor plainly dispensed with a culpable mental state. Rather, case law provided that robbery was a specific intent crime and required proof of "the specific intent...[to] depriv[e] the owner of the property taken." Harrell v. State, 593 S.W.2d 664, 671 (Tenn. Crim. App. 1979). The petitioner's indictment failed to set forth this specific intent. Moreover, the indictment failed to cite the statute setting forth the offense of robbery.

Nevertheless, although the supreme court has noted statutory citations with approval in determining that indictments provided adequate notice, we do not believe that citation to the statute is the sine qua non of a sufficient indictment. As the supreme court observed in Hill, 954 S.W.2d at 728 (citation omitted),

> we now approach 'attacks upon indictments, especially of this kind, from the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'

We conclude that the language of the indictment charging armed robbery, which precisely tracked the language of the statute, provided adequate notice to the

8

petitioner of the offense charged, a basis for the entry of a judgment, and protection from double jeopardy.

Furthermore, the language of the indictment was concise and understandable, and the requisite, specific intent could be logically inferred from the allegations contained in the charge. Similar to the aggravated rape indictment, the armed robbery indictment alleged that the petitioner forcibly took property from the victim by violence or placing the victim in fear and while the petitioner was armed with a pistol. Admittedly, the offense of aggravated rape only required a general intent, while armed robbery required a specific intent to deprive the owner of the property taken. Nevertheless, we believe that nothing less than this specific intent could be inferred from the conduct alleged.

We note that, in Ruff, 978 S.W.2d at 100, the supreme court approved an indictment charging the defendant with aiding and abetting an aggravated rape, the offense occurring after the effective date of the 1989 criminal code. While the indictment cited the aggravated rape statute, the indictment did *not* cite the criminal responsibility statute, which requires that a defendant act A*with intent* to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense ...." Tenn. Code Ann. § 39-11-402 (1997)(emphasis added).

The supreme court in Ruff concluded its discussion by stating that, Awhere the constitutional and statutory requirements outlined in Hill are met, an indictment which cites the pertinent statute and uses its language will be sufficient to support a conviction." Id. at 100. However, we fail to comprehend how citation to

9

the aggravated rape statute in that case rendered the specific intent required by the criminal responsibility statute more easily inferable. Once again, we decline to hold that citation to the relevant statute is a prerequisite to sufficiency of the indictment. The language of the indictment in this case was adequate under the Hill standard.

Count five of the petitioner's indictment charged the offense of aggravated kidnapping. At the time of the petitioner's offense, an aggravated kidnapping occurred when a

> person...unlawfully seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away another with the felonious intent to:...[d]etain the other against his will;...when...[the] defendant is armed with a deadly weapon.

Tenn. Code. Ann. § 39-2-301 (1982). The petitioner's indictment contained the following language:

> that Tim Denton...on...August, 1989,...did unlawfully, and feloniously seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap or carry away Dorothy E. Essary, with the felonious intent to detain the said Dorothy E. Essary against her will, and while the said Dorothy E. Essary was secretly confined or unlawfully detained, said secret confinement or unlawful detention was accomplished while the defendants were armed with a...pistol.

In this instance, the statute contained the requisite mens rea, i.e., a defendant must act with the felonious intent to detain another against her will. The indictment also set forth this required intent. Accordingly, the petitioner's May 20, 1999 argument is without merit.

Because the petitioner cannot prevail on either procedural or substantive grounds, we affirm the judgment of the trial court.

10

_____
Norma McGee Ogle, Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge


_____
John K. Byers, Senior Judge