IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
On-Briefs May 24, 2001

## FRED HODGES v. VIRGINIA LEWIS, WARDEN

**A Direct Appeal from the Chancery Court for Davidson County**
**No. 00-1007-I     The Honorable Irvin H. Kilcrease, Jr., Chancellor**

---

### No. M2000-02309-COA-R3-CV - Filed July 17, 2001

---

Inmates of Tennessee Department of Correction filed in the chancery court a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The chancery court dismissed the inmates' petition for lack of subject matter jurisdiction. Inmates have appealed. We affirm.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Fred Hodges, Pro Se

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Stephanie R. Reevers, Senior Counsel, for Appellee

### OPINION

On March 30, 2000, petitioners, Fred Lee Hodges, Jesse Jackson, and Douglas Tidwell, prisoners incarcerated at the DeBerry Special Needs Facility in Nashville, acting pro se, filed a "Petition For A Writ Of Habeas Corpus 28. USCA 2254 In The State Court, Class Action" against Virginia Lewis, Warden of the DeBerry Special Needs Facility.

On July 6, 2000, Petitioners moved for summary judgment and, on the same day, the Respondent moved to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The petition was dismissed by an order entered August 25, 2000, for lack of subject matter jurisdiction. Mr. Hodges has appealed, stating in his brief that Jesse Jackson and Douglas Tidwell withdrew from the action, leaving Mr. Hodges as sole Petitioner/Appellant. Although Petitioner's brief fails to define his issues, it appears from his brief that he challenges the trial court's dismissal of his petition and contends that he is entitled to immediate release on parole.

In *Dishmon v. Shelby State Community College,* 15 S.W.3d 477, 480 (Tenn.Ct.App. 1999), this Court explained subject matter jurisdiction:

>            The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of controversy. *See Meighan v. U.S. Sprint Communications Co.,* 924 S.W.2d 632, 639 (Tenn.1996); *Turpin v. Conner Bros. Excavating Co.,* 761 S.W.2d 296, 297 (Tenn.1988). Courts derive their subject matter jurisdiction from the Constitution of Tennessee or from legislative act, see *Kane v. Kane,* 547 S.W.2d 559, 560 (Tenn.1977); *Brown v. Brown,* 198 Tenn. 600, 618-19, 281 S.W.2d 492, 501 (1955), and cannot exercise jurisdictional powers that have not been conferred directly on them expressly or by necessary implication. *See Hicks v. Hicks,* No. 01A01-9309-CH-00417, 1994 WL 108896, at *2 (Tenn.Ct.App.Mar.30, 1994) (No Tenn.R.App.P. 11 application filed).

*Id.* at 480.

Petitioner brings his petition for a writ of habeas corpus pursuant to 28 U.S.C.A. 2254, which grants federal courts power to issue writs of habeas corpus, reading in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitutional or laws or treaties of the United States.

28 U.S.C.A. § 2254 (a). The Chancery Court of Davidson County has no subject matter jurisdiction to issue a writ of habeas corpus pursuant to 28 U.S.C.A. § 2254.

If we consider Mr. Hodges's petition as a petition under Tennessee law, we look to T.C.A. § 29-21-101 (2000), which allows a person imprisoned or restrained to test the legality of his imprisonment or restraint through the prosecution of a writ of habeas corpus. *State v. Warren,* 740 S.W.2d 427 (Tenn. Crim. App. 1986). Under Tennessee law , habeas corpus relief is limited in scope, available only if it is apparent from the face of a judgment, or the record of the proceedings upon which the judgment was rendered, that the court was without jurisdiction or authority to sentence the defendant, or that the defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). Under Article I, Section 15 of the Tennessee Constitution, a petitioner may contest a void or illegal imprisonment by bringing a petition for a writ of habeas corpus. *Id.* However, unless the allegations of the petition establish the void character of the judgment, an evidentiary hearing is not warranted. *Russell v. Willis,* 222 Tenn. 491, 437 S.W.2d 529 (1969); *State ex rel Byrd v. Bomar,* 214 Tenn. 476, 381 S.W.2d 280 (1964).

In the instant action, Petitioner has not asserted that his sentence has expired or that his conviction is void. In addition, it does not appear on the face of the record that the convicting court was without jurisdiction to enter the judgement, nor does it appear that Petitioner's sentence of imprisonment has expired. Therefore, even if we apply T.C.A. § 29-21-101, the petition was properly dismissed.

Petitioner's claim challenges application of the current law by the board of parole in making a determination of his parole and claiming a violation of the Ex Post Facto Clause. He claims that the new policies as amended in 1985 and applied retroactively violate previous rights and relief given and therefore violate his civil rights. Petitioner asserts that he was illegally denied a parole hearing because at the date of his crime, September 21, 1977, the applicable law determined that he would be granted parole after 13 ½ years of incarceration, thereby creating a liberty interest which has been violated. Petitioner further asserts that by enacting the 1985 amendment to parole regulations, the parole board illegally assigned themselves the power to take away mandatory parole, thereby violating the Ex Post Facto Clause and the principle of separation of powers.

The brief of Respondent correctly asserts that the mechanism for seeking judicial review of an action of state administrative agencies, including the calculation of a prisoners sentence, is provided for in T.C.A. § 4-5-101, et. seq. Pursuant to T.C.A. § 4-5-225, an inmate may seek a declaratory judgment on the "[t]he legal validity or applicability of a statue, rule or order of an agency to specified circumstances...," however, T.C.A. § 4-5-225(b) requires that the inmate must first seek a declaratory order from the Tennessee Department of Correction on the same.

The record does not support Petitioner's claim to have exhausted his administrative remedy. Nevertheless, even if we treat the petition as simply an action alleging illegal refusal to consider Petitioner for parole in violation of Ex Post Facto and Due Process Clauses, we believe that the trial court correctly dismissed the case for failure to state a claim for which relief can be granted.

In *California Dept. Of Corrections v. Morales,* 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995), the United States Supreme Court rejected the argument that a change in the frequency of parole hearings to the possible detriment of a prisoner sentenced before the change must be considered a violation of the ex post facto clause. Requiring a prisoner to serve a valid sentence, and not granting parole is not a violation of his constitutional rights. *MacKenna v. Avery,* 404 F.2d 71 (1968). Although a prisoner has served the minium term of his conviction and has a good conduct record, he has no absolute right to be released upon parole. *Graham v. State,* 304 S.W.2d 622 ( 1957). Grants of parole are within the discretionary power of the board of parole. *State ex rel. Neilson v. Harwood,* 194 S.W.2d 448 (1946); *and State ex rel Ivey v. Meadows,* 393 S. W. 2d 744 (1965). Tennessee law does not create the right to earn sentence credits. T.C.A. § 41-21-236(a)(2); *Drummer v. Luttrell,* 234 F.3d 1268 (6th Cir. 2000). Prisoners eligible for parole do not have a constitutional right to release prior to expiration of their sentence, and the government retains the power to change the criteria of parole eligibility. T.C.A. § 41 -1-504 (b); *Robinson v. Traughber,* 13 S.W.3d 361 (Tenn. Ct. App. 1999). However, an alteration in parole eligibility may implicate ex post facto laws if the effect of a repeal imposes a more severe punishment than was prescribed

by law at the time of the offence. ***Jaami v. Conley,*** 958 S.W.2d 123 (Tenn. Ct. App. 1997). But, where a prisoner can only show a speculative possibility of an earlier release absent an amendment in the law, there is no violation of ex post facto law. ***Wilson v. State***, 980 S.W.2d 196 (1998).

Accordingly, we affirm the decision of the trial court dismissing the petition for habeas corpus. The case is remanded to the chancery court for any further necessary proceedings. Cost on appeal are assessed against petitioner/appellant, Fred Hodges, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.