FILED

05/09/2017

Clerk of the
Appellate Courts



IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 2, 2017

## DARRYL LEE DAVIS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**Nos. 91-955, 91-17, 91-246        R. Lee Moore, Jr., Judge**

_____

### No. W2016-02193-CCA-R3-HC
_____

Darryl Lee Davis, the Petitioner, filed a Petition for Writ of Habeas Corpus claiming that his twenty-five year sentence had expired and that he was being illegally restrained of his liberty. The habeas corpus court found that the Petitioner's sentence had not expired and summarily dismissed the Petition. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and J. ROSS DYER, JJ., joined.

Darryl Lee Davis, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; G. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### Procedural History

On September 29, 1992, the Petitioner pleaded guilty to the following offenses: in case number 91-955 to two counts of aggravated rape, two counts of especially aggravated kidnapping, and one count each of aggravated burglary and possession of a firearm during the commission of a dangerous felony; in case number 91-17 to aggravated assault; and in case number 91-246 to driving under the influence, third offense. Pursuant to a plea agreement, the Petitioner received an effective sentence of twenty-five years. The judgments of conviction specifically provide that the twenty-five

year sentence for each of the two aggravated rapes and the twenty-five year sentence for each of the two especially aggravated kidnappings were to be served consecutively to the Petitioner's ten-year sentence in federal court case number 91-10046. The judgment for count 2 of case number 91-955, one of the aggravated rape convictions, provides in the "Special Conditions" section: "If additional time is received in federal case # 91-10046 in excess of the already imposed [ten-]year sentence, then this [twenty-five]-year sentence will begin to run concurrent with such jail time in excess of the [ten] years."

On September 21, 2016, the Petitioner filed a Petition for Writ of Habeas Corpus ("the Petition"), in which the Petitioner made numerous factual claims, including that:

(1) "after two years of service in the [Tennessee Department of Correction (TDOC)] the federal authorities 'borrowed' him via, *habeas corpus ad prosequendum*, in order to dispose of his pending federal cases[;]"
(2) he incurred the new federal charges in federal case number 93-10053 while he was incarcerated in state prison;
(3) he was sentenced in federal court to 151 months in case number 93-10053 for attempted murder with intent to prevent testimony of a witness to be served consecutively to the sentence in case number 91-10046;
(4) his original ten-year sentence in case number 91-10046 was reduced to an eighty-seven month sentence after remand;
(5) he was ordered to serve his federal sentences before being transferred back to state prison to serve the remainder of his state sentences in order to protect the witnesses in the federal case; and
(6) he remained in federal custody from March 18, 1994, through June 1, 2014, when he was returned to state custody.

The Petitioner attached to the Petition an order of The United States District Court for the Western District of Tennessee Eastern Division filed April 13, 1994, which provided:

[The Petitioner] was sentenced to terms of imprisonment of [eighty-seven] months, [sixty] months, and 151 months with each of those sentences to run consecutively to the other. At the time of sentencing, the court recommended that the federal sentences imposed in these cases be served before [the Petitioner] is returned to state custody to serve the balance of an unexpired term. The court has recently been made aware that Bureau of Prisons policies make it difficult for the bureau to carry out that recommendation.

Because of the nature of the crimes for which [the Petitioner] was convicted in these actions, and because of concerns about the security of victims of these crimes and witnesses in these trials, it is essential that [the Petitioner] serve his sentence in federal custody before being returned to state custody. It is important that [the Petitioner] be confined in an institution at some distance from the victims of these crimes and that he be confined in an institution which precludes his early release or the possibility of escape. Further, [the Petitioner]'s communication with persons outside his institution must be monitored, with the obvious exception of communications with legal counsel, in order to protect the security of the victims of his crimes.

Therefore, it is hereby ordered that [the Petitioner] serve the sentence imposed in these actions prior to his being returned to state custody. It is further ordered that [the Petitioner]'s communications with anyone outside his institution be monitored, with the exception of communications with legal counsel.

On October 7, 2016, the habeas corpus court entered a written order summarily denying the Petition finding that "it does not appear [] that his sentence has expired."

**Analysis**

On appeal, the Petitioner claims that the habeas corpus court erred in determining that his sentence had not expired and by dismissing the Petition. The Petitioner argues that "his state sentence continued to run throughout the entire course of his federal sentence," and therefore his state sentence has expired. The State argues that the habeas corpus court properly denied the petition. We agree with the State.

Whether habeas corpus relief should be granted is a question of law so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). In *State v. Ritchie*, 20 S.W.3d 624, 626 (Tenn. 2000), our

supreme court held "that because the scope of the writ of habeas corpus in Tennessee does not permit inquiry into facts outside of the original trial record, the appellee is not entitled to a hearing to introduce extrinsic evidence collaterally attacking the jurisdiction of the convicting court." *Ritchie* clarifies that the face of the judgment or the record of the proceedings upon which the judgment is rendered means the original trial record. *Id.* at 633. There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964).

Even if we accept the Petitioner's six factual claims listed above as true, the Petitioner has still failed to prove that his sentence has expired based on the original trial record. The Petitioner claims that "after two years of service in the TDOC the federal authorities 'borrowed' him" and that he remained in federal custody from March 18, 1994, through June 1, 2014, when he was returned to state custody. The judgments of conviction specifically provide that the twenty-five-year sentences are to be served consecutively to the Petitioner's ten-year sentence in federal court case number 91-10046. The Petitioner claims that he incurred new federal charges while he was incarcerated in state prison and was sentenced to 151 months in federal case number 93-10053 to be served consecutively to the sentence in case number 91-10046. The judgment for count 2 of case number 91-955 provides in the "Special Conditions" section: "If additional time is received in federal case # 91-10046 in excess of the already imposed [ten-] year sentence, then this [twenty-five] year sentence will begin to run concurrent with such jail time in excess of the [ten] years." The Petitioner claims he received less time, not additional time, in case number 91-10046 because his ten-year sentence was reduced to eighty-seven months.

Based on the face of the judgments, it appears that the Petitioner's sentence commenced to run on September 29, 1992, and if the Petitioner remained continuously incarcerated in state custody after serving his ten-year federal sentence in case number 91-10046, his state sentence would expire in September 2027. Assuming that the Petitioner's ten-year federal sentence in case number 91-10046 was in fact reduced to eighty-seven months, and assuming that his twenty-five year state sentence only ran consecutively to his eighty-seven month sentence, his state sentence would still not expire until December 2024.

When the Petitioner will be released from state custody is within the purview of the Tennessee Department of Correction. *Daniels v. Traughber*, 984 S.W.2d 918, 924 (Tenn. Ct. App. 1998). Calculation of the Petitioner's sentence, including items such as "time credits, being internal matters, are [generally] inappropriate considerations in a

habeas corpus proceeding." *State v. David N. Kuntz*, No. 01C01-9101-CR-00019, 1991 WL 101857, at *3 (Tenn. Crim. App. June 14, 1991).

The Petitioner has provided no applicable controlling authority supporting his claim that "his state sentence continued to run throughout the entire course of his federal sentence" and that therefore his state sentence has expired. The cases from various federal cases cited by the Petitioner do not support the Petitioner's claim and would not be controlling even if they did. The Bureau of Prisons was apparently able to carry out the recommendation of the United States District Judge even if its policies made it difficult to do so. If the District Judge exceeded his authority by ordering the federal sentence to be served before returning the Petitioner to state custody, the Petitioner should have sought relief in the federal system.[1] In any event, the state sentence did not continue to run while the Petitioner served his sentence in federal case # 91-10046 or while the Petitioner served his federal sentences for crimes that were committed after the Petitioner pleaded guilty and was sentenced in this case. The Petitioner is only entitled to the sentence he bargained for and received in this case. That sentence has not expired.

The Petitioner has failed to prove that the habeas corpus court erred in dismissing the Petition. The judgment of the habeas corpus court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[1]*See* Savvas Diacosavvas, *Vertical Conflicts in Sentencing Practices: Custody, Credit, and Concurrency*, 57 N.Y.U. ANN. SURV. AM. L. 207, 210-12 (2000), stating:

> In accordance with the priority implications of primary jurisdiction and with the largely determinate relationship between primary jurisdiction and physical custody, the Federal Bureau of Prisons will not commence the sentence of a defendant with obligations to another jurisdiction in the absence of bail, parole, dismissal of charges, or completion of the undischarged sentence. For purposes of trial, however, a federal judge can issue a writ of habeas corpus ad prosequendum to the state authorities compelling them to produce the defendant in federal court. Writs of habeas corpus ad prosequendum do not affect primary jurisdiction; they require that the receiving sovereign return the prisoner to the sending sovereign, who all the while retains primary jurisdiction over its prisoner. Accordingly, a federal judge cannot use this writ to assume custody over a defendant. If a defendant is produced in court on a writ of habeas corpus ad prosequendum and is sent directly to the receiving sovereign's prison system to begin his sentence, this time served normally will not count toward the prison term imposed by the receiving sovereign because its jurisdictional claim was not primary. Instead, this time normally will be credited to any obligations owed to the sending sovereign. Of course, if the detention by the receiving sovereign exceeds in length the prisoner's obligations to the sending sovereign, then this difference normally will not be credited at all (absent some ex post remedial measure). Such needless incarceration resulting from bureaucratic error is fundamentally unfair.

Nor can a federal judge assume primary jurisdiction from a state by so decreeing at sentencing. In *Taylor [v. Reno*, 164 F.3d 440, 444 n.1 (9th Cir. 1998), *cert. denied* 527 U.S. 1027 (1999)], a defendant in primary state custody appeared in federal court pursuant to a writ of habeas corpus ad prosequendum for sentencing. The sentencing judge's oral statements and written order show that he intended to assert federal jurisdiction over the defendant. On appeal, however, it was held that "[t]he district court did not have the power to commence Taylor's federal sentence, regardless of whether the court intended to do so and regardless of what the court said."