IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 14, 2025

## MARLON MCKAY v. BRANDON WATWOOD, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 24-CR-10970    Mark L. Hayes, Judge**

_____

### No. W2024-00550-CCA-R3-HC

_____

The pro se petitioner, Marlon McKay, appeals from the denial of his petition for writ of habeas corpus by the Circuit Court for Lake County, arguing the habeas court erred in finding the petitioner was not entitled to relief as a matter of law and summarily dismissing his petition without appointing counsel. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN W. CAMPBELL, SR., and MATTHEW J. WILSON, JJ., joined.

Marlon McKay, Tiptonville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; and Danny Goodman, Jr., District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### *Factual and Procedural History*

The petitioner was convicted by a Shelby County Criminal Court jury of first-degree felony murder and attempted aggravated robbery for which he was sentenced to consecutive terms of life plus six years in the Department of Correction. *State v. McKay*, No. W2010-01785-CCA-MR3CD, 2011 WL 5335285 (Tenn. Crim. App. Nov. 4, 2011), *perm. app. denied* (Tenn. April 12, 2012). This Court affirmed the petitioner's convictions on appeal. *Id.*

On March 8, 2024, the petitioner filed a petition for writ of habeas corpus, alleging his conviction for first-degree murder is void of its face because "the trial court impos[ed] a life sentence 'with the possibility of parole,' which was in direct contravention" of the applicable law at the time of his conviction and in violation of "the Eight Amendment." Additionally, the petitioner argued his judgment was void because it was entered "three months after sentence was imposed."

On March 15, 2024, the habeas court entered an order summarily dismissing the petition. In its order, the habeas court found that the "trial court appears to have merely misspoken with respect to the confirmation of the sentence imposed by the trial jury," and "[t]here is nothing to indicate that the jury determined or imposed any sentence for which the defendant was ineligible." The habeas court also noted the petitioner failed to challenge "on direct appeal of his conviction and failed to raise any issue regarding the consistency of the transcript of the return of the jury's verdicts at trial and the judgments." Concerning the petitioner's second allegation that his mandatory life sentence violates the Eight Amendment, the habeas court held that the petitioner's reliance on *State v. Booker*, 656 S.W.3d 49 (Tenn. 2022) was misplaced. More specifically, the habeas court held that our supreme court's decision in *Booker* was applicable only to juvenile offenders and did not apply to adult offenders such as the defendant. Finally, in addressing the petitioner's claim "that because the entry of the judgment [of life in prison] was delayed three months, the Court of Criminal Appeals lost jurisdiction to review the petitioner's appeal," the habeas court found that the petitioner's claim amounted to an "effort at appellate review of certain issues on his direct appeal" and that the three month delay in the entry of the judgment "does not render the judgment void and does not provide a ground for habeas corpus relief."

Accordingly, the habeas court determined the petitioner had failed demonstrate that his judgments were void and summarily dismissed the petition without the appointment of counsel.

This timely appeal followed.

### *Analysis*

On appeal, the petitioner contends the habeas court erred in summarily dismissing his petition for writ of habeas corpus. More specifically, the petitioner insists his sentence of "life with the possibility of parole" is illegal and, therefore, void, that his life sentence violates the Eight Amendment pursuant to our supreme court's opinion in *Booker*, that all of his judgments are void because they were entered three months after they were imposed by the trial court, and that the habeas court erred in dismissing his petition without first appointing counsel. The State contends the habeas court properly determined the petitioner was not entitled to relief as a matter of law and did not err summarily dismissing the petition

- 2 -

without the appointment of counsel. After our review of the record in the matter and the applicable law, we agree with the State and affirm the judgment of the habeas court.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101, *see also* Article I, section 15 of the Tennessee Constitution. Habeas corpus relief may only be granted when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). In *State v. Ritchie*, 20 S.W.3d 624, 626 (Tenn. 2000), our supreme court clarified that the face of the judgment or the record of the proceedings upon which the judgment is rendered means the original trial record. *Id.* at 633.

"[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Whether habeas corpus relief should be granted is a question of law, so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964). A habeas corpus petition may be summarily dismissed when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109).

Initially, the petitioner complains that the habeas court erred in failing to appoint counsel. However, a habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if it is clear from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief. *Summers*, 212 S.W.3d at 261-62; *Hickman*, 153 S.W.3d at 20 (Tenn. 2004). As discussed *infra*, such is the case in the instant matter. Therefore, the habeas court did not err in summarily dismissing the petitioner without the appointment of counsel, and the petitioner is not entitled to relief.

The petitioner next contends that the habeas court failed to make factual findings and conclusions of law with respect to "the record of the proceedings." However, as noted by the State, the habeas court's order makes clear that the court not only considered the judgment challenged but the "record of the proceedings upon which the judgment was rendered." In its order dismissing the petition, the habeas court referenced the petitioner's trial and appeals, specifically noting the portion of the petitioner's sentencing hearing which was attached to the petition. Accordingly, the record before this Court does not support the petitioner's allegation, and he is, therefore, not entitled to relief on this claim.

The petitioner's third assignment of error relates to the actual sentence imposed by the trial court. Per the petitioner, his judgment is void because the trial court imposed a sentence of life "with the possibility of parole" which was not permitted by statute for his offense. We recognize that the phrase "life with the possibility of parole" does not describe a legally available sentence for first degree murder in Tennessee, even though it has been used colloquially to differentiate between two of the available sentences for that offense—i.e., "imprisonment for life without the possibility of parole" and "imprisonment for life." *See* Tenn. Code Ann. § 39-13-204(a); *see also Penley v. State*, No. E2004-00129-CCA-R3-PC, 2004 WL 2439287, at *3 (Tenn. Crim. App. Nov. 1, 2004) ("The term 'life imprisonment with the possibility of parole' is inaccurate and is mistakenly used to differentiate between the more severe sentence of life imprisonment without possibility of parole."). In any instance, the use of the phrase "life with the possibility of parole" by the trial court in sentencing the petitioner does not render the petitioner's judgment void. *See Williams v. State*, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. Sept. 30, 2013) (stating that use of the phrase "Life with Parole" on petitioner's judgment would not render the petitioner's judgment void); *Rose v. Lindamood*, No. M2017-00928-CCA-R3-HC, 2018 WL 3116609, at *2 (Tenn. Crim. App. June 25, 2018) (stating that the trial court's use of the phrase "life imprisonment with the possibility of parole" at the sentencing hearing does not cause petitioner's judgment to be void). Additionally, as noted by the habeas court, the petitioner's judgment simply states that the petitioner received a life sentence. Thus, on its face, the judgment is not void. As a result, the petitioner is not entitled to habeas corpus relief.

Additionally, the petitioner, relying on our supreme court's opinion in *Booker*, claims that his life sentence violates the Eight Amendment. However, the petitioner's claim fails for two reasons. First, it is well established that constitutional claims should be made in a post-conviction proceeding, not a habeas corpus proceeding. *See Hickman*, 153 S.W.3d at 20 (explaining that a petition for a writ of habeas corpus attacks void judgments, including sentences imposed in contravention of statute, while post-conviction petition attacks judgments that are void or voidable "because of the abridgement of constitutional rights"); *Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982) (recognizing that constitutional challenges to convictions should be made in a post-conviction proceeding,

rather than a habeas corpus proceeding); *see also Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App., Dec. 16, 1999) (recognizing that "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied,* (Tenn. June 2000). Second, in *Booker*, our supreme court specifically held, "This ruling applies only to juvenile homicide offenders— not to adult offenders." 656 S.W.3d at 66 (Tenn. 2022). Accordingly, the petitioner is not entitled to relief on this claim.

Finally, the petitioner contends this Court was without jurisdiction to review and affirm his convictions because his judgment was entered three months after his sentence was imposed. While it is not completely clear, the petitioner appears to argue that this delay somehow stripped this Court of jurisdiction. However, the cases cited by the petitioner relate to the trial court losing jurisdiction once the judgment is final and/or after a notice of appeal is filed. The petitioner fails to cite any law supporting his claim that this Court loses jurisdiction once the judgment becomes final in the trial court. To the contrary, even if the motion for new trial and notice of appeal are untimely, Tennessee Rules of Appellate Procedure, Rule 4 states that "in all criminal cases the 'notice of appeal' document is not jurisdictional, and the timely filing of such document may be waived in the interest of justice." Such was the situation in the instant matter as the petitioner was granted a delayed appeal after his motion for new trial was untimely filed. *McKay v. State*, W2017-00202-CCA-R3-PC, 2018 WL 3954149, at *14 (Tenn. Crim. App. June 5, 2018), *perm app. denied* (Tenn. Dec. 5, 2018). Therefore, this Court had jurisdiction to review and affirm the petitioner's convictions and judgments, and the petitioner is not entitled to relief on this claim.

### *Conclusion*

Based on the foregoing, we affirm the trial court's summary dismissal of the petition for writ of habeas corpus.

s/ J. ROSS DYER
J. ROSS DYER, JUDGE

- 5 -