IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 18, 2026

**DEWAINE LOVE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 129464   Steven W. Sword, Judge**

_____

**No. E2025-00500-CCA-R3-HC**

_____

The pro se petitioner, Dewaine Love, appeals the summary dismissal of his petition for writ of habeas corpus, asserting that he is entitled to relief because his multiple convictions violate due process and double jeopardy protections and that his sentence is unlawful because it was imposed without the preparation of a presentence report.  Upon our review of the record and the parties' briefs, we conclude that the petitioner's notice of appeal was untimely and that the interest of justice does not mandate waiver of the requirement.  The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and JILL BARTEE AYERS, J., joined.

Dewaine Love, Nashville, Tennessee, Pro Se

Jonathan Skrmetti, Attorney General and Reporter; Courtney N. Orr, Deputy Attorney General; Charme Allen, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

In December 2024, the petitioner filed a petition for writ of habeas corpus. According to the petition, the petitioner pled guilty in September 2015 to three counts of aggravated burglary, six counts of especially aggravated kidnapping, eight counts of first-degree felony murder, four counts of attempted especially aggravated robbery, and two counts of aggravated cruelty to animals "stemming from the same offense at the same

time." In his petition, the petitioner asserts that he received an effective sentence of forty years' incarceration; however, no judgments of conviction were attached to the petition.

The petitioner argued that he was entitled to habeas corpus relief because his "multiple convictions were directly in contravention" of his rights under the due process clause and protection against double jeopardy as he was "be[ing] punished more than once for the same offense." The petitioner also argued that he was "illegally sentenced" because the State did not provide a presentence report. The petitioner acknowledged that a presentence report was not required because he accepted a plea agreement but claimed that the lack of a report prior to the plea meant he was "'flying blind' in taking his plea bargain."

The trial court summarily dismissed the petition, finding it failed to state a cognizable ground for habeas corpus relief. The order was entered on January 7, 2025. The petitioner mailed a notice of appeal from the prison mail system on April 3, 2025, and it was file-stamped by the appellate court clerk on April 10, 2025. In the certificate of service attached to his notice of appeal, the petitioner alleged that he initially and mistakenly sent the notice of appeal to the Knox County Criminal Court Clerk on January 6, 2025, and that notice was returned to him on March 17, 2025.

*Analysis*

On appeal, the petitioner claims the trial court erred in summarily dismissing his petition for writ of habeas corpus because "his judgment and conviction is the quintessential void judgment." As in his petition, the petitioner asserts that his multiple convictions violate due process and double jeopardy protections and that his sentence is unlawful because it was imposed without the preparation of a presentence report. The State responds that the appeal should be dismissed as untimely or, alternatively, dismissed due to failure to comply with the mandatory procedural requirements governing habeas petitions or failure to state a cognizable claim for habeas corpus relief. We agree with the State and dismiss the petition.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). In criminal proceedings, however, the notice is not jurisdictional. *Id.* Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. *Id.* "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty-day requirement a legal fiction and circumvents the rule." *Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), *perm. app. denied* (Tenn. May 28, 1996).

"[W]hen considering whether a waiver on an untimely notice of appeal is appropriate, 'this [C]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" *State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *3 (Tenn. Crim. App. Nov. 9, 2023) (quoting *Rockwell*, 280 S.W.3d at 214), *perm. app. denied* (Tenn. May 16, 2024). "'Other relevant factors may include the merits of the appeal.'" *Id.* (quoting *State v. Murray*, No. M2020-00168-CCA-R3-CD, 2021 WL 2156932, at *3 (Tenn. Crim. App. May 27, 2021). "Although [the petitioner's] filing was *pro se*, Rule 4 does not relieve *pro se* [petitioners] from the 30 day notice requirement." *Hill*, 1996 WL 63950, at *1; *see also State v. Paige*, No. W2018-02214-CCA-R3-CD, 2019 WL 7288804, at *1 (Tenn. Crim. App. Dec. 30, 2019) (pro se litigants expected to comply with substantive and procedural rules that govern conduct of all litigants).

The record shows that the trial court signed and filed the order dismissing the habeas petition on January 7, 2025. The petitioner's notice of appeal was filed on April 10, 2025, well outside the thirty-day period specified in Rule 4. In his reply brief, the petitioner asks this Court to waive the timely filing requirement because he "sent a notice of appeal in initially to the Knox County Criminal Court as warranted." However, according to the certificate of service on the notice of appeal, the petitioner claimed he sent the notice to the Knox County Criminal Court Clerk's office on January 6, 2025, the day *before* the trial court signed the order dismissing the petition. This raises some doubt on the petitioner's assertion as to when he claimed to have mailed the notice to the wrong clerk, but even if true, the petitioner offers no explanation for the delay of more than two weeks in filing with the correct court clerk after learning of his mistake on March 17, 2025.

Moreover, the issues raised by the petitioner are without merit, demonstrating that the interest of justice does not demand waiver of the timely filing requirement.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." Tenn. Code Ann. § 29-21-101, *see also* Article I, section 15 of the Tennessee Constitution. Habeas corpus relief may only be granted when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)).

"[T]he purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). A petitioner bears

- 3 -

the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Whether habeas corpus relief should be granted is a question of law, so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

There is no requirement that habeas corpus courts afford the habeas corpus petitioner an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 282 (Tenn. 1964). A habeas corpus petition may be summarily dismissed when the petition "fails to demonstrate that the judgment is void." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing Tenn. Code Ann. § 29-21-109).

The procedural requirements for habeas corpus relief are mandatory and must be strictly followed. *Summers*, 212 S.W.3d at 259; *Hickman*, 153 S.W.3d at 21. Tennessee Code Annotated section 29-21-107(b)(2) requires that the petitioner include a copy of the "[t]he cause or pretense of such restraint according to the best information of the applicant," which includes the judgment form. *See Jefferson v. Washburn*, No. M2019-01723-CCA-R3-HC, 2020 WL 5960110, at *3 (Tenn. Crim. App. Oct. 8, 2020) (citing *Summers*, 212 S.W.3d at 261). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *see Hickman*, 153 S.W.3d at 21. As noted above, the petitioner failed to attach the challenged judgments to his petition or offer an explanation for their absence.

In addition, the petitioner has failed to state a cognizable claim for habeas corpus relief. The petitioner asserts that his multiple convictions violate due process and double jeopardy protections and that his sentence is unlawful because it was imposed without the preparation of a presentence report. However, each of these claims, if true, would render the judgments voidable, not void. *See Barcus v. State*, No. E2019-02206-CCA-R3-HC, 2020 WL 5667489, at *2 (Tenn. Crim. App. Sept. 24, 2020) (due process violation creates a voidable judgment); *Davis v. Jones*, No. M2014-00386-CCA-R3-HC, 2014 WL 3749443, at *2 (Tenn. Crim. App. July 30, 2014) (stating "a violation of principles of double jeopardy does not render a conviction void"); *Adams v. Barbee*, No. W2012-02074-CCA-R3-HC, 2013 WL 12182605, at *2 (Tenn. Crim. App. Aug. 16, 2013) (stating that "failure to follow the statutory procedure at sentencing, including not using a presentence report, would not produce a void judgment").

- 4 -

*Conclusion*

Based on the foregoing authorities and reasoning, we conclude that the petitioner's notice of appeal was untimely and that the interest of justice does not require that we waive the timely filing requirement. Accordingly, we dismiss the appeal.

s/ *J. ROSS DYER*
J. ROSS DYER, JUDGE