IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 7, 2017

## CHRISTOPHER ALAN WALLS v. GRADY PERRY, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 17-CR-29     Joe H. Walker, III, Judge**

_____

### No. W2017-00296-CCA-R3-HC

_____

Christopher Alan Walls, the Petitioner, filed a pro se Petition for Writ of Habeas Corpus, stating as his ground for relief that he was "presently restrained of his liberty by virtue of an illegal, void, and/or expired criminal conviction/sentence[.]" The Petitioner claimed that he was entitled to receive the pretrial jail credit for the time he was incarcerated in Loudon County after a hold was placed on him by the Jefferson County Sheriff's Department on October 25, 2010. Therefore his sentence, after applying sentence reduction credits, expired on or about December 29, 2016. The habeas corpus court found that "the petition demonstrates no right to relief" and summarily dismissed the petition. We affirm the dismissal of the petition but remand the cause to the habeas corpus court for transfer to the Circuit Court for Jefferson County for correction of the judgments to provide the pretrial jail credit to which the Petitioner is entitled.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Christopher Alan Walls, Whiteville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; and Mark E. Davidson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Procedural Background

In July 2010, the Petitioner was involved in a crime spree across four East Tennessee counties. On October 25, 2010, while the Petitioner was incarcerated in

Loudon County, the Jefferson County Sheriff's Department (JCSD) placed a hold on the Petitioner, stating that there was an outstanding capias for the Petitioner and asking that JCSD be notified "when [the Loudon County] charges have been fully satisfied so that transportation might be arranged[.]"

On July 7, 2011, the Petitioner pleaded guilty in Loudon County Criminal Court to theft of property valued at $10,000 or more but less than $60,000 and was sentenced to three years' incarceration. The judgment shows an offense date of July 6, 2010, and credit for "all jail time."

On October 6, 2011, the Petitioner pleaded guilty in Anderson County Criminal Court and was sentenced to three years to serve. The sentence was ordered to be served concurrently with the sentence from Loudon County and unspecified sentences out of Knox County and Jefferson County. The judgment shows an offense date of July 24, 2010, and provides credit for time served from July 7, 2011.

The Petitioner was indicted in a nine-count indictment by the Jefferson County Grand Jury in Case Number 11462, and on December 3, 2013, he pleaded guilty to eight of the counts.[1] As a result of his guilty plea in Jefferson County, the Petitioner received an effective eight-year sentence to be served in the Department of Correction as a standard offender to run consecutively to "any parole sentence violation."

On January 18, 2017, while housed in the Hardeman County Correctional Facility, the Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court of Hardeman County, claiming that he "is presently restrained of his liberty by virtue of an illegal, void, and/or expired criminal conviction/sentence" in Jefferson County Case Number 11462. The Petitioner claimed that he was not "credited with any pre[-]trial jail credit" and that his "sentence expired on or about December 29, 2016[.]"

The habeas corpus court summarily dismissed the petition without a hearing, finding:

> If Petitioner is alleging that he has not received proper credit for time served, then the proper method for the [P]etitioner to challenge his time credits or parole dates is through the avenues of the Uniform Administrative Procedures Act, Tennessee Code Annotated Sections 4-5-101 to -325.

---

[1] Count 9, in which the Petitioner was charged with failure to appear, was dismissed. The offense date was July 27, 2010 for Counts 1–4; July 28, 2010 for Counts 5 and 6; and July 29, 2010, for Counts 7 and 8.

. . .

> If [P]etitioner is alleging that he should be released on parole after serving the percentage of sentence, then habeas corpus is not appropriate. The failure to grant a prisoner parole upon reaching his release eligibility date does not create a cognizable ground for habeas corpus relief.

From the dismissal of his petition, the Petitioner timely appealed.

## Analysis

On appeal, the Petitioner claims that his Jefferson County sentence has expired as a result of his pretrial jail credit, the time he has served in incarceration, and sentence reduction credits and that the habeas corpus court erred by stating the Petitioner must use the Uniform Administrative Procedures Act to obtain sentence credits. The State argues that "the trial court's failure to award pretrial jail credit does not render the sentence void."

Whether habeas corpus relief should be granted is a question of law so our review is de novo with no presumption of correctness afforded the habeas corpus court's findings and conclusions. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A petitioner bears the burden of establishing by a preponderance of the evidence that a judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Habeas corpus relief may only be granted in limited circumstances. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008). Unlike petitions for post-conviction relief, "the purpose of the habeas corpus petition is to contest void and not merely voidable judgments." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (citing *State ex rel. Newsome v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968)). Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. 326, 336-37 (Tenn. 1868)). "[T]he face of the judgment or the record of the proceedings upon which the judgment is rendered" means the original trial record. *See State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

In *Taylor v. State*, our supreme court reiterated that "[a] void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to

render the judgment or because the defendant's sentence has expired." 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998); *Archer*, 851 S.W.2d at 161-64). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Id.* (citing *Dykes*, 978 S.W.2d at 529; *Archer*, 851 S.W.2d at 161-64).

There is no requirement that a petitioner be afforded an evidentiary hearing when the facts alleged in the petition, even if true, would not serve as a basis for relief. *See Russell v. Willis*, 437 S.W.2d 529, 531 (Tenn. 1969); *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964).

*Pretrial Jail Credit*

Although the trial court is required at the time of sentencing to allow a defendant pretrial jail credit, *see* Tenn. Code Ann. § 40-23-101(c), the failure to award pretrial jail credit does not "render the sentence illegal." *State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015). Although *Brown* dealt with a Tennessee Rule of Criminal Procedure 36.1 motion, this court has applied the same reasoning to conclude that a petitioner was not entitled to habeas corpus relief where the trial court failed to award pretrial jail credit. *Anzar McFarland v. State*, No. E2017-00212-CCA-R3-HC, 2017 WL 3705122, at *2 (Tenn. Crim. App. Aug. 28, 2017), *pet. to rehear denied* (Tenn. Crim. App. Sept. 11, 2017).

We note, however, that this is not a case where the trial court simply failed to award pretrial jail credit; rather, it is a case where the trial court ordered pretrial jail credit but the credit does not appear in the judgments. The Petitioner attached to his petition a transcript of his December 3, 2013, Jefferson County plea submission hearing, which contained the following dialogue:

> THE STATE: There is some confusion, Your Honor, over whether he had a parole violation. This will run consecutive to any parole violation by law, but whatever other sentences that he had, if they're not parole violations, he's eligible to receive credit concurrently with those, but it would have to – by law it would have to run consecutive –
>
> THE COURT: You understand that, right, [Petitioner]?
>
> THE [PETITIONER] Yes, sir, a hold was placed on me in October 2010.

- 4 -

[TRIAL COUNSEL]: The State's agreed that if it's as we present it, they'll give him the jail credit from the hold being placed, Your Honor.

THE STATE: He'll get any credit he's entitled to, Your Honor, after the hold being placed.

The Petitioner's claim that he is entitled to pretrial jail credit from the time that the hold was placed on him by the JCSD certainly finds support in the above-quoted dialogue from the plea submission hearing.[2] If the Petitioner is correct that he is entitled to pretrial jail credit from October 25, 2010, and that together with sentence reduction credit, his sentence expired on or about December 29, 2016, it is possible that the Petitioner's sentence has been fully served. However, the judgments show that the Petitioner's eight-year sentence commenced to run on December 3, 2013, when he entered his guilty plea, and therefore, his sentence has not expired. Even if the judgments provided pretrial jail credit from October 25, 2010, a habeas corpus court could not grant relief because the Petitioner's eight-year sentence would not fully expire until October 25, 2018, at the earliest. The determination of whether the Petitioner's sentence of incarceration has been fully served can only be made by the Department of Correction and not in a habeas corpus proceeding because habeas corpus relief is only available only when it "appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant or (2) the defendant's sentence has expired." *Decole T. Holt v. State*, No. M2008-00813-CCA-R3-HC, 2009 WL 1676056, at *2 (Tenn. Crim. App. June 16, 2009) (citing *Archer*, 851 S.W.2d at 164), *perm. app. denied* (Tenn. Nov. 23, 2009).

The Department of Correction "is required to enforce judgment orders as they are written." *Cantrell v. Easterling*, 346 S.W.3d 445, 457 (Tenn. 2011). "The Department of Correction may not alter the judgment of a court, even if that judgment is illegal." *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). Because the award of pretrial jail credit lies strictly within the jurisdiction of the trial court, the Department of Correction must calculate the Petitioner's release date based on the December 3, 2013 date on the judgments, unless and until the judgments are corrected by the trial court that sentenced the Petitioner. *Id.*

---

[2] The offense date for the Loudon County theft was July 6, 2010. The hold was placed on the Petitioner on October 25, 2010. The Petitioner pleaded guilty in Loudon County Criminal Court on July 7, 2011. Therefore, the Petitioner could not have been on parole for the Loudon County offense when he committed the Jefferson County offenses on July 27, 28 and 29, 2010.

- 5 -

*Post-Judgement Sentence Reduction Credit*

As the habeas corpus court correctly found:

> If Petitioner is alleging that he has not received proper credit for time served, then the proper method for the [P]etitioner to challenge his time credits or parole dates is through the avenues of the Uniform Administrative Procedures Act, Tennessee Code Annotated Sections 4-5-101 to -325.

The habeas corpus court had no way to determine what sentence reduction credits the Petitioner is entitled to receive under Tennessee Code Annotated section 41-21-236. Even if it did, claims for post-judgment credits are not cognizable habeas corpus claims. *Yates v. Parker*, 371 S.W.3d 152, 156 (Tenn. Crim. App. 2012). We agree with the habeas corpus court's finding that the proper avenue to address sentence reduction credits is administrative, and if the Petitioner disagrees with the Department of Correction's credit calculations, he can challenge their decision through the Uniform Administrative Procedures Act, Tennessee Code Annotated section 4-5-101, *et seq*.

*Remand to Habeas Corpus Court for Transfer to Trial Court*

In his concurring opinion in *State v. Greg Smith*, Judge Tipton addressed the futility of a petitioner's seeking relief through administrative procedures from the trial court's failure to award pretrial jail credit:

> As the majority opinion notes, the [S]tate asserts that the petitioner's proper avenue of relief was through administrative procedures once he was in the custody of the Department of Correction (DOC). What is not noted, though, is that such procedures would be useless when the claim relates to the failure of the trial court to award pretrial jail credit[]. Pursuant to T.C.A. § 40-23-101(c), the trial court is required at the time of sentencing to allow a defendant pretrial jail credit. The DOC is powerless to change what the trial court awarded or failed to award.

No. E2003-01092-CCA-R3-CD, 2004 WL 305805, at *2 (Tenn. Crim. App. Feb. 18, 2004) (Tipton, J., concurring), *no perm. app. filed*; *see also Tucker v. Morrow*, 335 S.W.3d 116, 122 (Tenn. Crim. App. 2009), *overruled on other grounds by Brown*, 479 S.W.3d at 212; *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *2 (Tenn. Crim. App. July 16, 2014), *perm. app. denied* (Tenn. Dec. 18, 2014); *Charles Borum v. Henry Stewart*, No. W2012-00863-CCA-R3-HC, 2012 WL 3871466, at *2 (Tenn. Crim. App. Sept. 6, 2012), *no perm. app. filed*.

When a defendant no longer has a direct appeal from the conviction, the appropriate procedure for a defendant to address the failure to award pretrial jail credit is a Tennessee Rule of Criminal Procedure 36 motion to "correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36; *see State v. Anthony L. Moore*, No. W2016-02601-CCA-R3-CD, 2017 WL 4051268, at *2 (Tenn. Crim. App. Sept. 13, 2017), *no perm. app. filed*. The Petitioner claims that he has already filed such a motion. He states in his brief:

On September 16, 2015[,] [the Petitioner] mailed a petition pursuant to Tennessee Rules Criminal Procedure, Rule 36 'Motion to Correct Clerical Mistake or Omission'. The trial court never responded to this petition. The Trial Court Clerk claims this petition was never received and never filed. On January 22, 2017, appellant re-mailed the Rule 36 petition to the trial court clerk with supporting evidence, and requested the clerk to send me a file[-]stamped copy. A file[-]stamped copy was never received by appellant. On February 23, 2017[,] appellant telephoned the Jefferson County Circuit Court Clerk's Office and inquired about the Rule 36 petition. At first the clerk advised me that they had not received it; I requested they recheck their records. After being placed on hold for several minutes, the clerk came back and confirmed they had received it on February 19, 2017, but that I had already filed that motion, and [the trial judge] had denied it. I informed the clerk that I had not previously filed that motion, but I had filed a motion pursuant to Rule 36.1 and could she please file the Rule 36 motion and send me a file[-]stamped copy. As of this date, I still have not received any response from the Jefferson County Circuit Court Clerk on this petition.

Because this is a habeas corpus appeal from the Hardeman County Circuit Court, this court cannot directly order the Jefferson County Circuit Court to rule on a Rule 36 motion that is allegedly pending or to correct the judgments to include any pretrial jail credit to which the Petitioner is entitled. However, there is authority for this court to remand the cause to the habeas corpus court and order that the habeas corpus court transfer the cause to the trial court for correction of the trial court's judgments. *Jeffrey S. Whitaker v. Morgan*, No. E2007-02884-CCA-R3-HC, 2009 WL 454256, at *3 (Tenn. Crim. App. Feb. 24, 2009), *perm. app. denied* (Tenn. Aug. 7, 2009).

**Conclusion**

We affirm the habeas corpus court's summary dismissal of the petition because the facts alleged in the petition, even if true, would not serve as a basis for relief. We remand this cause to the habeas corpus court and instruct the habeas corpus court to transfer the case to the Circuit Court for Jefferson County for correction of the judgments to provide the pretrial jail credit to which the Petitioner is entitled.

_____
ROBERT L. HOLLOWAY, JR., JUDGE